Karen ROSCIOLI

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Joseph L. Roscioli

v.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 2012.
Decided Feb. 23, 2012.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

BEFORE: PELLEGRINI, President Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the

1. Mr. Roscioli owned a 1998 Ford pickup truck and a 1999 Pontiac coupe. Mrs. Roscioli owned a 2003 Ford station wagon and a 2006 Honda sedan.

2. Mr. and Mrs. Roscioli appealed separately and the appeals were subsequently consolidated.

August 17, 2011 order of the Court of Common Pleas of Lackawanna County (trial court) reversing DOT's order suspending the registration privileges of Karen and Joseph L. Roscioli for three months. There are two issues before this Court: (1) whether Mr. and Mrs. Roscioli proved that their insurance was not cancelled on November 28, 2010, or that they obtained new insurance effective that same date; and (2) whether the trial court should have held the matter in abeyance pending an appeal to the Insurance Commissioner. We vacate and remand.

■ On November 28, 2010, West American Insurance Company (West American) cancelled a car insurance policy issued to Mr. and Mrs. Roscioli that covered their four vehicles.[1] West American reported the cancellation of the policy to DOT. On March 20, 2011, DOT mailed a notification to Mr. and Mrs. Roscioli advising that the registration of their four vehicles was being suspended for three months, effective April 24, 2011. Mr. and Mrs. Roscioli appealed the suspensions to the trial court.[2] On August 17, 2011, the trial court held a hearing and granted the appeals of Mr. and Mrs. Roscioli. DOT appealed to this Court.[3]

■ DOT argues that the trial court erred in finding that Mr. and Mrs. Roscioli met their burden in proving that they had car insurance on November 28, 2010. We agree.

Section 1786(d)(1) of the Vehicle Code requires DOT to "suspend the registration of a vehicle for a period of three months if it determines the required financial re-

3. "This Court's scope of review is limited to determining whether the trial court committed an error of law or manifestly abused its discretion in reaching its decision." *Dinsmore v. Dep't of Transp., Bureau of Driver Licensing*, 932 A.2d 350, 353 n. 6 (Pa.Cmwlth. 2007).

sponsibility was not secured...." 75 Pa. C.S. § 1786(d)(1). In order to sustain a suspension on these grounds, DOT must prove that: "the vehicle is registered or of a type that is required to be registered under this title; and ... there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle...." 75 Pa.C.S. § 1786(d)(3)(i), (ii). This Court has held that:

> DOT may satisfy its burden by certifying that it received documents or electronic transmissions from the insurance company informing DOT that the insurance coverage has been terminated. Once DOT meets that burden, two presumptions arise: (1) that the cancellation was effective under 75 Pa.C.S. § 1377(b)(2)[;] and (2) that the vehicle in question lacks the requisite financial responsibility under 75 Pa.C.S. § 1786(d)(3)(ii).

*Choff v. Dep't of Transp., Bureau of Motor Vehicles*, 861 A.2d 442, 446–47 (Pa.Cmwlth. 2004) (citations and footnote omitted). DOT met its burden by admitting into evidence the certified notice from West American of the termination of Mr. and Mrs. Rosciolis' insurance. Said certification gave rise to the presumptions that Mr. and Mrs. Rosciolis' cancellation was effective, and that they were at least temporarily uninsured.

■ These presumptions can be overcome "by ... clear and convincing evi-

dence that the vehicle was insured at all relevant times." Section 1786(d)(3)(ii) of the Vehicle Code.[4] Section 2006 of Article XX of the Insurance Company Law of 1921 (Article XX)[5] provides: "A cancellation ... by an insurer of a policy of automobile insurance shall not be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation...." If a cancellation is ineffective for lack of notice under Article XX, DOT has no authority to impose a suspension. *Eckenrode v. Dep't of Transp., Bureau of Driver Licensing*, 853 A.2d 1141 (Pa. Cmwlth.2004).

■ At the hearing before the trial court, Mrs. Roscioli testified that she never received a cancellation notice from West American. She further testified that she received four financial responsibility cards from West American showing an effective date of November 28, 2010. In addition, she testified that she had paid an insurance bill from West American in November of 2010, and the next payment was not due until December 30, 2010, at which time Mr. and Mrs. Roscioli already had purchased insurance from Liberty Mutual Insurance Company (Liberty Mutual).[6] Although Mrs. Roscioli testified that Liberty Mutual had insured their vehicles as of December 30, 2010, she had no documentation to support said testimony.

This Court has defined clear and convincing evidence as "[evidence] that is so

**4.** The presumptions can also be overcome by statutory exceptions set forth in Section 1786(d)(2) of the Vehicle Code, 75 Pa.C.S. § 1786(d)(2), none of which apply to this case.

**5.** Act of May 17, 1921, P.L. 682, *as amended*, added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. § 991.2006.

**6.** The insurance bill shows that Mr. and Mrs. Roscioli owed a total of $1707.07 for the renewal policy, with a "Minimum Due" payment of $574.03 that was due no later than "12/30/2010." Reproduced Record (R.R.) at 91a. Mr. and Mrs. Roscioli had previously received a renewal declaration stating that the total premium for the six month period beginning November 28, 2010 was $1707.07. R.R. at 79a. Thus, the payment made in November did not cover the renewal premium.

clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Fell v. Dep't of Transp., Bureau of Motor Vehicles*, 925 A.2d 232, 239 (Pa.Cmwlth.2007) (quoting *Fagan v. Dep't of Transp., Bureau of Motor Vehicles*, 875 A.2d 1195, 1199 (Pa. Cmwlth.2005) (quotation marks omitted)).

> [U]ncorroborated testimony is insufficient to meet the strict evidentiary standard required to overcome the statutory presumption. Additionally, a financial responsibility insurance card is insufficient to prove coverage on a particular date because if insurance coverage is cancelled or terminated, the policyholder would still have the proof of insurance card indicating that he or she had insurance during the entire policy period.

*Id.*, 925 A.2d at 239 (citation omitted). Accordingly, we hold that the trial court erred in ruling that Mrs. Roscioli's testimony, and the production of her financial responsibility cards, proved that Mr. and Mrs. Roscioli were insured on November 28, 2010.

■■ DOT also argues that the trial court should have held the suspension in abeyance pending an appeal to the Insurance Commissioner. We agree. Had Mr. and Mrs. Roscioli wished to dispute the cancellation of their insurance policy, they could have done so. Section 1786(d)(5) of the Vehicle Code provides as follows:

> An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to Article XX.... Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a determination ... or ... final order pursuant to ... [Article XX].

75 Pa.C.S. § 1786(d)(5). "[E]xamination, beyond the record on its face, into the validity of an insurer's policy cancellation ... is properly brought for review to the Insurance Commissioner under Section 1786(d)(5), and not to a trial court." *Webb v. Dep't of Transp., Bureau of Motor Vehicles*, 870 A.2d 968, 974 (Pa.Cmwlth.2005).

Despite DOT's concession that the trial court should have stayed these matters, DOT did not raise that option to the trial court; rather, DOT appealed the trial court's order granting Mr. and Mrs. Roscioli relief from their suspensions to this Court. The notices DOT sent Mr. and Mrs. Roscioli on February 1, 2011 stated: "If you believe your insurance coverage was terminated and you did not receive a proper notice as required by insurance laws, you should contact the Pennsylvania Insurance Department, Bureau of Consumer Services for assistance." R.R. at 51a–52a, 59a–60a, 67a–68a, 75a–76a. It does not mention that they have the right to seek a formal review by the Insurance Commissioner. In addition, the March 20, 2011 notices of suspension from DOT only state: **"You have the right to appeal this suspension** to the Court of Common Pleas ... **within thirty (30) days of the mail date of this letter...."** R.R. at 17a, 22a, 47a, 55a, 63a, 71a. (Emphasis in original). The Rosciolis appealed to the trial court as the notice instructed.

In *Dinsmore v. Department of Transportation, Bureau of Driver Licensing*, 932 A.2d 350 (Pa.Cmwlth.2007), this Court explained:

> [In *Webb*, t]his Court found that an inquiry into the validity of an insurance policy termination is within the province of the Insurance Commissioner when an examination beyond the record on its face is warranted. However, we also noted that [DOT]'s own suspension notice does not state specifically that such appeals are to be brought to the Insur-

ance Commissioner, which makes it understandable that the registrant would bring such an issue to the trial court hearing the suspension appeal. We concluded that in such circumstances it is appropriate to allow the registrant to seek *nunc pro tunc* review of his insurance policy cancellation from the Insurance Commissioner.

The Dinsmores present the same challenge as that brought by the registrant in *Webb.* The suspension notice provided by the Department ... makes no mention of the Insurance Commissioner or that the correct procedure for appealing the validity of the insurer's cancellation is before the Insurance Commissioner, and not before the Court of Common Pleas.

*Dinsmore,* 932 A.2d at 354–55. In a footnote, this Court further stated:

The first · standard notice sent by the Department, which states that it has received a communication from an insurance company that a registrant's insurance has been cancelled, does mention that inquiries about the validity of insurance cancellation notices should be brought to the Pennsylvania Insurance Department. However, the Dinsmores maintain that they never received this notice, dated March 29, 2006. Additionally, we note that there is still no mention that this is the *only* remedy to appeal such an issue, or that such an issue may *only* be appealed to the Insurance Commissioner.

*Id.,* 932 A.2d at 355 n. 9 (emphasis added).

This Court has a history of returning cases to the court of common pleas under

circumstances where an insured claims not to have received a cancellation notice and has failed to submit the matter for the Insurance Commissioner's review. *See Deklinski v. Dep't of Transp., Bureau of Motor Vehicles,* 938 A.2d 1191 (Pa.Cmwlth. 2007) (vacated and remanded for matter to be held in abeyance pending review by the Insurance Commissioner); *Dinsmore* (vacated and remanded for matter to be held in abeyance pending review by the Insurance Commissioner); *Webb* (dismissed without prejudice to allow submission to the Insurance Commissioner).[7]

█ We recognize that an administrative agency has the sole responsibility to assess whether a violation has occurred and whether to expend agency resources on one particular enforcement action versus another, and that its determination in this regard is not subject to judicial review. *Commonwealth v. Sanico, Inc.,* 830 A.2d 621, 629 n. 14 (Pa.Cmwlth.2003). However, under circumstances in which significant time, and financial and judicial resources are repeatedly being expended regarding a matter that DOT has the means to correct, we question the efficacy of DOT's actions in these cases.

Because this case likewise involves the validity of West American's policy cancellation, the trial court should have held the matter in abeyance pending an appeal to the Insurance Commissioner. Accordingly, the decision of the trial court is vacated, and the matter is remanded to the trial court to hold the suspension appeals in abeyance pending Mr. and Mrs. Rosciolis' *nunc pro tunc* request for review of their

7. Stated not for precedential value, but for purposes of demonstrating the volume of cases this Court has recently examined concerning the same issue, *see also McGonigle v. Dep't of Transp., Bureau of Motor Vehicles,* 37 A.3d 1273 (Pa.Cmwlth.2012); *Medina v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 2589 C.D.2010, filed November 18, 2011); *Siwa v. Dep't of Transp., Bureau of Motor Vehicles* (Pa.Cmwlth. No. 501 C.D. 2011, filed October 28, 2011); *Shaw v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth. No. 1074 C.D.2010, filed January 21, 2011).

insurance policy cancellation within thirty (30) days of the date of this Order, and the Insurance Commissioner's review and disposition of the same.[8]

## ORDER

AND NOW, this 23rd day of February, 2012, the August 17, 2011 order of the Court of Common Pleas of Lackawanna County is vacated, and the matter is remanded to the trial court to hold the suspension appeal in abeyance pending Mr. and Mrs. Rosciolis' *nunc pro tunc* request for review of their insurance policy cancellation within thirty (30) days of the date of this Order, and the Insurance Commissioner's review and disposition of the same.

Jurisdiction relinquished.

---

**8.** If Mr. and Mrs. Roscioli fail to file a written request *nunc pro tunc* with the Insurance Commissioner for review of West American's cancellation within thirty (30) days of the date of this Order, DOT will have grounds to reactivate this case before the trial court. *See* Section 2008(a) of the Insurance Company Law of 1921 (Act of May 17, 1921, P.L. 682, *as amended*, added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. § 991.2008(a)).