Maureen McGONIGLE

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 20, 2012.

Decided Feb. 23, 2012.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Maureen McGonigle, pro se.

BEFORE: PELLEGRINI, President Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the August 9, 2011 order of the Court of Common Pleas of Delaware County (trial court) rescinding the suspension of Maureen McGonigle's vehicle registration. The issues before this Court are: (1) whether the trial court erred by holding that McGonigle proved that her insurance company did not send her a notice of cancellation, and (2) whether the trial court should have held the suspension in abeyance pending an appeal to the Insurance Commissioner. We vacate and remand.

 On March 1, 2011, McGonigle received a notice from DOT that Nationwide Affinity Insurance Company of America (Nationwide) cancelled her automobile insurance policy on February 19, 2011. She immediately contacted Nationwide, which reinstated her coverage that day. By no-

tice from DOT, mailed April 12, 2011, McGonigle was informed that her vehicle registration would be suspended effective May 17, 2011 pursuant to Section 1786(d) of the Vehicle Code, 75 Pa.C.S. § 1786(d). McGonigle timely filed an appeal to the trial court which, after a hearing on August 9, 2011, issued an order rescinding her suspension. DOT appealed to this Court.[1]

 DOT argues that the trial court erred by holding that McGonigle proved that her insurance company did not send her a notice of cancellation. We agree.

Section 1786(d)(1) of the Vehicle Code requires DOT to "suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured...." 75 Pa. C.S. § 1786(d)(1). In order to sustain a suspension on these grounds, DOT must prove that: "the vehicle is registered or of a type that is required to be registered under this title; and there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle...." 75 Pa.C.S. § 1786(d)(3)(i), (ii). This Court has held that:

> DOT may satisfy its burden by certifying that it received documents or electronic transmissions from the insurance company informing DOT that the insurance coverage has been terminated. Once DOT meets that burden, two presumptions arise: (1) that the cancellation was effective under 75 Pa.C.S. § 1377(b)(2)[;] and (2) that the vehicle in question lacks the requisite financial responsibility under 75 Pa.C.S. § 1786(d)(3)(ii).

---

1. "This Court's scope of review is limited to determining whether the trial court committed an error of law or manifestly abused its discretion in reaching its decision." *Dins-* *more v. Dep't of Transp., Bureau of Driver Licensing,* 932 A.2d 350, 353 n. 6 (Pa.Cmwlth. 2007).

*Choff v. Dep't of Transp., Bureau of Motor Vehicles,* 861 A.2d 442, 446–47 (Pa.Cmwlth. 2004) (citations and footnote omitted). DOT met its burden by admitting into evidence the certified notice from Nationwide of the termination of McGonigle's insurance. Said certification gave rise to the presumptions that McGonigle's cancellation was effective, and she was at least temporarily uninsured.

These presumptions can be overcome "by ... clear and convincing evidence that the vehicle was insured at all relevant times." Section 1786(d)(3)(ii) of the Vehicle Code.[2] Section 2006 of Article XX of the Insurance Company Law of 1921 (Article XX) provides: "A cancellation ... by an insurer of a policy of automobile insurance shall not be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation...."[3] If a cancellation is ineffective for lack of notice under Article XX, DOT has no authority to impose a suspension. *Eckenrode v. Dep't of Transp., Bureau of Driver Licensing,* 853 A.2d 1141 (Pa.Cmwlth.2004).

■ In this case, McGonigle testified that Nationwide "may have sent something in the mail, but I didn't see it." Reproduced Record (R.R.) at 29a. The trial court stated during the hearing that "the code is full of traps for hardworking people, who are trying to do the right thing, dealing with a bureaucracy that quite often is very hard to deal with," yet when McGonigle received the DOT notice, she acted on it immediately. R.R. at 33a. It was in this context that the trial court deemed McGonigle credible and held that since she did not receive notice, the cancellation was not effective, and McGonigle was insured at all relevant times.

■ In *Banks v. Department of Transportation, Bureau of Motor Vehicles,* 856 A.2d 294 (Pa.Cmwlth.2004), this Court stated that trial courts do not have the discretion to consider hardship or other equitable factors when deciding whether a suspension is mandated under Section 1786(d) of the Vehicle Code. Moreover, this Court has defined clear and convincing evidence as "[evidence] that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Fell v. Dep't of Transp., Bureau of Motor Vehicles,* 925 A.2d 232, 239 (Pa.Cmwlth.2007) (quoting *Fagan v. Dep't of Transp., Bureau of Motor Vehicles,* 875 A.2d 1195, 1199 (Pa. Cmwlth.2005) (quotation marks omitted)). "[U]ncorroborated testimony is insufficient to meet the strict evidentiary standard required to overcome the statutory presumption." *Id.* Accordingly, we hold that the trial court erred by holding that McGonigle's testimony alone proved that she did not receive a notice of cancellation from Nationwide.

■ DOT also argues that the trial court should have held the suspension in abeyance pending an appeal to the Insurance Commissioner in accordance with Section 1786(d)(5) of the Vehicle Code, as done by this Court in *Webb v. Department of Transportation, Bureau of Motor Vehicles,* 870 A.2d 968, 974 (Pa.Cmwlth.2005). We agree.

■ Section 1786(d)(5) of the Vehicle Code provides as follows:

**2.** The presumptions can also be overcome by statutory exceptions set forth in Section 1786(d)(2)(i)-(iii) of the Vehicle Code, 75 Pa. C.S. § 1786(d)(2)(i)-(iii), none of which apply to this case.

**3.** Act of May 17, 1921, P.L. 682, *as amended,* added by Section 1 of the Act of June 17, 1988, P.L. 464, 40 P.S. § 991.2006.

An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to [Article XX]. Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a determination [or] final order pursuant to . . . [Article XX].

75 Pa.C.S. § 1786(d)(5). The law is clear that "examination, beyond the record on its face, into the validity of an insurer's policy cancellation . . . is properly brought for review to the Insurance Commissioner under Section 1786(d)(5), and not to a trial court." *Webb*, 870 A.2d at 974.

Despite DOT's concession that the trial court should have stayed this matter, the transcript of the hearing reveals that DOT did not raise that option to the trial court; rather, DOT appealed the trial court's order granting McGonigle relief from her suspension to this Court. The notice DOT sent McGonigle on March 1, 2011 stated: "If you believe your insurance coverage was terminated and you did not receive a proper notice as required by insurance laws, you should contact the Pennsylvania Insurance Department, Bureau of Consumer Services for assistance." R.R. at 44a–45a. It does not mention that she has the right to seek a formal review by the Insurance Commissioner. In addition, the April 12, 2011 notice of suspension from DOT only states: **"You have the right to appeal this suspension** to the Court of Common Pleas . . . **within thirty (30) days of the mail date of this letter**. . . ." R.R. at 40a. (Emphasis in original). McGonigle appealed to the trial court as the notice instructed.

In *Dinsmore v. Department of Transportation, Bureau of Driver Licensing,* 932 A.2d 350 (Pa.Cmwlth.2007), this Court explained:

[In *Webb,* t]his Court found that an inquiry into the validity of an insurance policy termination is within the province of the Insurance Commissioner when an examination beyond the record on its face is warranted. However, we also noted that [DOT]'s own suspension notice does not state specifically that such appeals are to be brought to the Insurance Commissioner, which makes it understandable that the registrant would bring such an issue to the trial court hearing the suspension appeal. We concluded that in such circumstances it is appropriate to allow the registrant to seek *nunc pro tunc* review of his insurance policy cancellation from the Insurance Commissioner.

The Dinsmores present the same challenge as that brought by the registrant in *Webb.* The suspension notice provided by the Department . . . makes no mention of the Insurance Commissioner or that the correct procedure for appealing the validity of the insurer's cancellation is before the Insurance Commissioner, and not before the Court of Common Pleas.

*Dinsmore,* 932 A.2d at 354–55. In a footnote, this Court further stated:

The first standard notice sent by the Department, which states that it has received a communication from an insurance company that a registrant's insurance has been cancelled, does mention that inquiries about the validity of insurance cancellation notices should be brought to the Pennsylvania Insurance Department. However, the Dinsmores maintain that they never received this notice, dated March 29, 2006. Additionally, we note that there is still no mention that this is the *only* remedy to appeal such an issue, or that such an

issue may *only* be appealed to the Insurance Commissioner.

*Id.,* 932 A.2d at 355 n. 9 (emphasis added).

This Court has a history of returning cases to the court of common pleas under circumstances where an insured claims not to have received a cancellation notice and has failed to submit the matter for the Insurance Commissioner's review. *See Deklinski v. Dep't of Transp., Bureau of Motor Vehicles,* 938 A.2d 1191 (Pa.Cmwlth. 2007) (vacated and remanded for matter to be held in abeyance pending review by the Insurance Commissioner); *Dinsmore* (vacated and remanded for matter to be held in abeyance pending review by the Insurance Commissioner); *Webb* (dismissed without prejudice to allow submission to the Insurance Commissioner).[4]

We recognize that an administrative agency has the sole responsibility to assess whether a violation has occurred and whether to expend agency resources on one particular enforcement action versus another, and that its determination in this regard is not subject to judicial review. *Commonwealth v. Sanico, Inc.,* 830 A.2d 621, 629 n. 14 (Pa.Cmwlth.2003). However, under circumstances in which significant time, and financial and judicial resources are repeatedly being expended regarding a matter that DOT has the means to correct, we question the efficacy of DOT's actions in these cases.

Because this case likewise involves the validity of Nationwide's policy cancellation, the trial court should have held the matter in abeyance pending an appeal to the Insurance Commissioner. Accordingly, the decision of the trial court is vacated, and the matter is remanded to the trial court to hold the suspension appeal in abeyance pending McGonigle's *nunc pro tunc* request for review of her insurance policy cancellation within thirty (30) days of the date of this Order, and the Insurance Commissioner's review and disposition of the same.[5]

### ORDER

AND NOW, this 23rd day of February, 2012, the August 9, 2011 order of the Court of Common Pleas of Delaware County is vacated, and the matter is remanded to the trial court to hold the suspension appeal in abeyance pending Maureen McGonigle's *nunc pro tunc* request for review of her insurance policy cancellation within thirty (30) days of the date of this Order, and the Insurance Commissioner's review and disposition of the same.

Jurisdiction relinquished.

---

**4.** Stated not for precedential value, but for purposes of demonstrating the volume of cases this Court has recently examined concerning the same issue, *see also Roscioli v. Dep't of Transp., Bureau of Motor Vehicles,* 37 A.3d 1278 (Pa.Cmwlth.2012); *Dep't of Transp., Bureau of Driver Licensing v. Medina,* 31 A.3d 1262 (Pa.Cmwlth. No. 2589 C.D. 2010, filed November 18, 2011); *Dep't of Transp., Bureau of Motor Vehicles v. Siwa,* 31 A.3d 994 (Pa.Cmwlth. No. 501 C.D.2011, filed October 28, 2011); *Shaw v. Dep't of Transp., Bureau of Motor Vehicles* (Pa.Cmwlth. No. 1074 C.D. 2010, filed January 21, 2011).

**5.** If McGonigle fails to file a written request *nunc pro tunc* with the Insurance Commissioner for review of Nationwide's cancellation within thirty (30) days of the date of this Order, DOT will have grounds to reactivate this case before the trial court. *See* Section 2008(a) of the Insurance Company Law of 1921 (Act of May 17, 1921, P.L. 682, *as amended,* added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. § 991.2008(a)).