IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Irma R. Woodson | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Motor Vehicles, | : | No. 1218 C.D. 2016 |
| Appellant | : | Submitted: February 17, 2017 |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: May 17, 2017

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the Allegheny County Common Pleas Court's (trial court) June 30, 2016 order reversing DOT's order suspending Irma R. Woodson's (Woodson) registration for three months. The sole issue before this Court is whether the trial court erred in sustaining Woodson's appeal. After review, we vacate and remand.

On February 8, 2016, Hartford Fire Insurance Company (Hartford) cancelled a car insurance policy issued to Woodson that covered her 2006 Jeep station wagon (Jeep). Hartford reported the policy cancellation to DOT. On April 14, 2016, DOT mailed a notification to Woodson advising her that the Jeep's registration was being suspended for three months effective May 19, 2016. Woodson appealed from the registration suspension to the trial court. On June 30, 2016, the trial court held a hearing and sustained Woodson's appeal. DOT appealed to this

Court.[1]  The trial court issued an order directing DOT to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal (Rule 1925(b) Statement).  DOT filed its Rule 1925(b) Statement on August 2, 2016.  On October 13, 2016, the trial court filed its opinion.

DOT argues that because Woodson maintained that she did not receive notice of her Hartford insurance policy termination, the trial court should have continued the matter in order to allow Woodson to file a *nunc pro tunc* petition for review with the Insurance Commissioner.

> Section 1786(d)(1) of the Vehicle Code requires DOT to 'suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured. . . .'  75 Pa.C.S. § 1786(d)(1).  In order to sustain a suspension on these grounds, DOT must prove that: 'the vehicle is registered or of a type that is required to be registered under this title; and there has been either notice to [DOT] of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle. . . .'  75 Pa.C.S. § 1786(d)(3)(i), (ii).  This Court has held that:
>
> > DOT may satisfy its burden by certifying that it received documents or electronic transmissions from the insurance company informing DOT that the insurance coverage has been terminated.  Once DOT meets that burden, two presumptions arise: (1) that the cancellation was effective under 75 Pa.C.S. § 1377(b)(2)[;] and (2) that the vehicle in question lacks the requisite financial responsibility under 75 Pa.C.S. § 1786(d)(3)(ii).
>
> *Choff v. Dep't of Transp., Bureau of Motor Vehicles,* 861 A.2d 442, 446–47 (Pa. Cmwlth. 2004) (citations and footnote omitted).

---

[1] "This Court's scope of review is limited to determining whether the trial court committed an error of law or manifestly abused its discretion in reaching its decision."  *McGonigle v. Dep't of Transp., Bureau of Motor Vehicles,* 37 A.3d 1273, 1274 n.1 (Pa. Cmwlth. 2012) (quoting *Dinsmore v. Dep't of Transp., Bureau of Motor Vehicles*, 932 A.2d 350, 353 n.6 (Pa. Cmwlth. 2007)).

*McGonigle v. Dep't of Transp., Bureau of Motor Vehicles,* 37 A.3d 1273, 1274-75 (Pa. Cmwlth. 2012).

In the instant matter, DOT met its burden by admitting into evidence the certified copy of Hartford's electronic notification of Woodson's insurance termination. *See* Reproduced Record (R.R.) at 8a, 19a. The certification gave rise to the presumptions that Woodson's cancellation was effective, and that she was at least temporarily uninsured.

> Once DOT establishes its prima facie burden of proof, a vehicle owner must prove that financial responsibility was continuously maintained on the vehicle as required by Section 1786(a) of the [Vehicle Code], 75 Pa.C.S. § 1786(a), or that the vehicle owner fits within one of the three statutorily[-]defined defenses outlined in Section 1786(d)(2)(i-iii) of the [Vehicle Code], 75 Pa.C.S. § 1786(d)(2)(i-iii).[FN]10
>
>> [FN]10. The three statutorily[-]defined defenses set forth in Section 1786(d)(2)(i-iii) of the [Vehicle Code] . . . are:
>>
>> (i) The owner or registrant proves to the satisfaction of [DOT] that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.
>>
>> (ii) The owner or registrant is a member of the armed services of the United States, . . . .
>>
>> (iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in [S]ection 1307(a.1) [of the Vehicle Code, 75 Pa.C.S. § 1307(a.1)] (relating to period of registration).

*Fell v. Dep't of Transp., Bureau of Motor Vehicles*, 925 A.2d 232, 237-38 (Pa. Cmwlth. 2007) (footnote omitted).

Here, Woodson claims to have paid Hartford on February 22, 2016. Woodson testified, "I didn't even know the insurance was lapsed. I didn't receive any notification on [sic] that." R.R. at 12a. Notwithstanding, it is uncontested that Woodson's insurance lapsed on February 8, 2016 for non-payment. *See* R.R. at 19a. DOT's 1925(b) Statement and the trial court's opinion both state that, after Hartford refused to accept Woodson's March 21, 2016 payment, she acquired a Progressive insurance policy for the Jeep effective March 22, 2016.[2] *See* R.R. at 37a, 41a. Thus, the record evidence reveals that Woodson was uninsured for a period of more than 31 days.

> Nevertheless,
>
> Section 2006 of Article XX of the Insurance Company Law of 1921 (Article XX) provides: '**A cancellation . . . by an insurer of a policy of automobile insurance shall not be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation. . . .**' [Act of May 17, 1921, P.L. 682, *as amended,* added by Section 1 of the Act of June 17, 1988, P.L. 464, 40 P.S. § 991.2006.] If a cancellation is ineffective for lack of notice under Article XX, DOT has no authority to impose a suspension.

*McGonigle,* 37 A.3d at 1273 (emphasis added; footnote omitted). Further,

> Section 1786(d)(5) of the Vehicle Code provides as follows:
>
> > An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to [Article XX]. Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a

---

[2] However, based upon our review of the original record, including the hearing transcript, there is no evidence of this replacement coverage.

> determination [or] final order pursuant to. . . [Article XX].
>
> 75 Pa.C.S. § 1786(d)(5). **The law is clear that 'examination, beyond the record on its face, into the validity of an insurer's policy cancellation . . . is properly brought for review to the Insurance Commissioner** under Section 1786(d)(5) [of the Vehicle Code], **and not to a trial court**.' *Webb* [*v. Dep't of Transp., Bureau of Motor Vehicles*]*,* 870 A.2d [968,] 974 [(Pa. Cmwlth. 2005)].

*McGonigle,* 37 A.3d at 1275-76 (emphasis added).

> Notably, at the hearing, DOT's counsel advised the trial court:
>
> [W]ith respect to [Woodson's claim that she had no notice of Hartford's cancellation], in the notice of suspension that was mailed to [] Woodson, there is now a statement that says, if you believe your insurance failed to notify you of the termination of your insurance policy for the vehicle listed above, you have a right to file for a review of the termination by the Pennsylvania Insurance Commission. And then it instructs how to request such a review.[3]
>
> The Courts have held that that is not something for the [trial court] in a license appeal to determine. That's something for the Insurance Commission to determine whether or not the cancellation is proper.

R.R. at 9a-10a. Notwithstanding, the trial court reversed DOT's suspension, holding:

---

[3] Woodson's suspension notice expressly advised:
> If you believe your insurance company failed to notify you of the termination of the insurance policy for the vehicle listed above, you also have the right to request a review of this termination of insurance by the Pennsylvania Insurance Commissioner. A request for review can be filed via the website at www.insurance.pa.gov or mailed to the Pennsylvania Insurance Department, Bureau of Consumer Services, 1209 Strawberry Square, Harrisburg, PA 17120. Please include your insurance company name and policy number with your request.

R.R. at 6a.

5

> The evidence was clear and convincing that [Woodson] was diligent in obtaining replacement insurance within thirty (30) days of the first time she learned from Hartford that it would no longer provide her coverage retroactively to February 8, 2016, although it was in possession of her February payment for over a month. [DOT] submitted no evidence to the contrary. It relied only upon the allegation that Hartford reported [Woodson's] insurance cancelled. [DOT] would compel the [trial c]ourt to rely on this hearsay. **It would deny [Woodson] any resort to justice, even in the event that her cancellation was unknown to her through absolutely no fault of her own**.

R.R. at 41a-42a.

While we sympathize with Woodson's plight and understand the basis for the trial court's ruling, it is not in accordance with the law.

> The [C]ourt's scope of review in an appeal from a vehicle registration suspension *shall be limited to determining whether:*
>
> > (i) the vehicle is registered or of a type that is required to be registered under this title; and
> >
> > (ii) there has been either notice to [DOT] of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to [DOT], a police office[r] or another driver and failed to do so. . . .
>
> 75 Pa.C.S. § 1786(d)(3) (emphasis added).

> While we acknowledge that strict application of the mandatory registration suspension provisions of [S]ection 1786 [of the Vehicle Code] will inevitably create hardship, **it is now well-settled that courts have no discretion to decide such matters based on equitable considerations**. Instead, our decisions, like those of the courts of common pleas, 'must be founded on firm jurisprudence.' *Banks* [*v. Dep't of Transp., Bureau of Motor Vehicles*]*,* 856 A.2d [294,] 297 [(Pa. Cmwlth. 2004)] (quoting [*Commonwealth v.*] *Moogerman*, . . . 122 A.2d [804,] 806 [(Pa. 1956)]).

6

*Greenfield v. Dep't of Transp., Bureau of Motor Vehicles*, 67 A.3d 198, 202 (Pa. Cmwlth. 2013) (bold emphasis added). Accordingly, under the circumstances presented in this case, we must vacate and remand this matter to the trial court to stay these proceedings in order to allow Woodson to file a *nunc pro tunc* request for review with the Insurance Commissioner within 20 days from the date of the trial court's order staying this action.

For all of the above reasons, the trial court's order is vacated, and the matter is remanded for disposition in accordance with this opinion.

_____
ANNE E. COVEY, Judge

Judge Cosgrove concurs in the result only.

Irma R. Woodson                   :
                                        :
                 v.                   :
                                          :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Motor Vehicles,        :   No. 1218 C.D. 2016
                   Appellant    :

## O R D E R

AND NOW, this 17th day of May, 2017, the Allegheny County Common Pleas Court's (trial court) June 30, 2016 order is vacated and the matter is remanded to the trial court for disposition consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge