# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Stamford,                                :
                                               :
            v.                                 :     No. 229 C.D. 2019
                                               :     Submitted: September 20, 2019
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Motor Vehicles,                      :
                        Appellant              :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  January 13, 2020**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (Department) appeals from a January 29, 2019 Order of the Court of Common Pleas of Westmoreland County (trial court), which sustained the statutory appeal of Brian Stamford (Stamford) from a three-month suspension of the registration of his 2015 Subaru station wagon (motor vehicle) under Section 1786(d)(1) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S. § 1786(d)(1).  Upon review, we vacate and remand.

Erie Insurance Exchange (Erie), Stamford's motor vehicle liability insurance company, notified the Department that on June 1, 2018, Erie terminated the policy on the motor vehicle.  On July 10, 2018, the Department notified Stamford of Erie's

report and requested documentation, which Stamford did not submit. Pursuant to Section 1786(d)(1), the Department subsequently notified Stamford that the registration of the motor vehicle was suspended for three months, effective September 30, 2018. These two notifications advised Stamford of his right to request a review of the termination of insurance by the Insurance Commissioner if Stamford believed Erie failed to notify him of the termination or the termination was in error. Instead, Stamford, proceeding pro se, statutorily appealed the registration suspension on September 24, 2018, to the trial court.

On January 29, 2019, a de novo hearing was held regarding Stamford's appeal. During the hearing, Stamford testified that the lapse in insurance coverage was unintentional, and he corrected it when he became aware of it. Stamford further explained that the extenuating circumstances of the lapse stemmed from his divorce and the four different addresses at which he lived during and after the divorce. He also testified he had been paying an insurance policy, which he thought was his own, but was apparently the wrong one. Stamford testified he received a notice from Erie:

> I did receive a notice. I thought it was for the coverage for my ex-wife and I [sic], not for the new coverage that I had. And as soon as I went back and looked at that and thought I should probably look at these numbers, I realized to myself perhaps that was this new coverage which is why I contacted them [sic] and had it reinstated.

(Reproduced Record (R.R.) at 16a.)

The Department noted that the coverage had lapsed for more than a month because it terminated on June 1, 2018, and was not reinstated until August 7, 2018, according to the insurance documents that were introduced as exhibits. The trial court questioned counsel for the Department as to whether the Department was able to show that Erie gave Stamford notice:

2

[Counsel]: Your Honor, the Department is not required to show that Erie gave him notice.

THE COURT: Where does it say that?

[Counsel]: If you read Section 1786(d) of the [MVFRL], it does not say that the Department has to prove that notice was given of the termination; it only has to prove when the policy was terminated.

THE COURT: Then they take the word of the insurance company, is that what you're telling me?

[Counsel]: That is what was reported to the Department, yes, Your Honor.

(*Id*. at 17a.) The trial court stated the following when ruling on the appeal:

Okay. I'm going to sustain the appeal. I believe, in this situation, because of the circumstances of the divorce and the various changes of address, that as soon as Mr. Stamford found out about the lapse in coverage, he notified Erie -- well, he didn't find out about it, he called on a premonition, but when he found out from them [sic], he made payment as soon as he could with them [sic]. They [sic] were supposed to do it on the 3rd. He finally got back to them on the 7th and said, has this been done, and he got it done on the 7th after dealing with them [sic] twice. And, so, I'm going to sustain the appeal.

(*Id*. at 18a-19a.) On the same day as the hearing, January 29, 2019, the trial court ordered that Stamford's appeal be sustained. The Department filed a timely appeal to this Court.[1] (*Id*. at 30a-32a.)

---

[1] The trial court ordered the Department to file a statement of errors complained of on appeal, which it did, but the trial court did not issue an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a). Instead, it issued an order on April 9, 2019, directing this Court to the trial court's reasoning, quoted above.

On appeal,[2] the Department argues that it met its prima facie case with certified documents that show Erie cancelled Stamford's insurance policy on the motor vehicle on June 1, 2018. The Department further asserts that if the trial court found Stamford's "testimony credible that he never received notice of the termination of his insurance policy," the trial court should have continued the case in order to allow Stamford to file a petition for review *nunc pro tunc* with the Insurance Commissioner to determine whether Erie mailed the notice of cancellation to Stamford's address on record and thus, complied with the statutory notification requirements. (Department's Brief at 9.)[3]

Under Section 1786(a) of the MVFRL, every motor vehicle covered under the MVFRL, which is operated or currently registered, must be insured for financial responsibility. 75 Pa. C.S. § 1786(a). If the Department determines that insurance was not obtained as required under Section 1786(a), the Department "shall suspend the registration of a vehicle for a period of three months . . . ." 75 Pa. C.S. § 1786(d)(1). There are three defined defenses or exceptions outlined in Section 1786(d)(2):

> (i) The owner or registrant proves to the satisfaction of the [D]epartment that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

[2] This "Court's review of a trial court order sustaining a statutory appeal from a suspension of registration is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether the court committed a reversible error of law or abused its discretion." *Fagan v. Dep't of Transp., Bureau of Motor Vehicles*, 875 A.2d 1195, 1197 n.1 (Pa. Cmwlth. 2005).

[3] Stamford did not file a brief with this Court and is, therefore, precluded from participating.

(ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by this chapter, financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial responsibility. The exemption granted by this paragraph shall continue for 30 days after the owner or registrant returns from duty as long as the vehicle is not operated until the required financial responsibility has been established.

(iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in section 1307(a.1) (relating to period of registration).

75 Pa. C.S. § 1786(d)(2).

Furthermore, in registration suspension cases appealed to a trial court, the trial court is constrained to determining whether:

(i) the vehicle is registered or of a type that is required to be registered under this title; and

(ii) there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so. Notice to the department of the lapse, termination or cancellation or the failure to provide the requested proof of financial responsibility shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times.

75 Pa. C.S. § 1786(d)(3). This Court has held "that trial courts do not have the discretion to consider hardship or other equitable factors when deciding whether a suspension is mandated." *McGonigle v. Dep't of Transp., Bureau of Motor Vehicles*, 37 A.3d 1273, 1275 (Pa. Cmwlth. 2012).

The Department has the prima facie burden to show

> that the vehicle in question is of the type required to be registered and
> that the Department received notice that the registrant's automobile
> insurance policy has been terminated. . . . This burden may be satisfied
> by the certified receipt of an electronic transmission from an insurance
> company stating that a registrant's policy has been terminated.

*Dinsmore v. Dep't of Transp., Bureau of Driver Licensing*, 932 A.2d 350, 353 (Pa. Cmwlth. 2007) (citation omitted). The vehicle owner may then rebut this presumption by producing clear and convincing evidence that "financial responsibility was continuously maintained on the vehicle as required by Section 1786(a) of the MVFRL, 75 Pa.[]C.S. § 1786(a), or that the vehicle owner fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i-iii) of the MVFRL, 75 Pa.[]C.S. § 1786(d)(2)(i-iii)." *Fell v. Dep't of Transp., Bureau of Motor Vehicles*, 925 A.2d 232, 237-38 (Pa. Cmwlth. 2007) (footnote omitted).

In the hearing before the trial court, the Department produced a certified record of the electronic transmission submitted by Erie, (R.R. at 12a, 24a-25a), thus satisfying its prima facie burden. However, when the burden shifted to Stamford, the Department argues, Stamford did not satisfy his burden to rebut the prima facie case through any recognized defenses. Stamford presented no evidence in regard to the aforementioned defenses, but the trial court found that Stamford did not receive proper notice of the termination of his insurance policy from Erie and cited the extenuating circumstances of Stamford's divorce. Contrary to the trial court's finding, during his testimony Stamford admitted he received a notice, but assumed it was for a different car, until he realized it could be for his new coverage. Stamford stated in his testimony at the hearing that "I did receive a notice . . . . And as soon as I went back and looked . . . at these numbers [for the insurance coverage], I

6

realized to myself perhaps that was this new coverage which is why I contacted [Erie] and had it reinstated." (*Id*. at 16a.) Therefore, the trial court's decision was an error of law and an abuse of discretion because the trial court employed equitable factors to grant Stamford's appeal that *McGonigle* specifically disallowed. 37 A.3d at 1275.

The trial court should have stayed the matter for review by the Insurance Commissioner. Section 2006 of Article XX of the Insurance Company Law of 1921 (Insurance Law) provides "[a] cancellation . . . by an insurer of a policy of automobile insurance shall not be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation . . . ." 40 P.S. § 991.2006.[4] Under Section 2008(a) of the Insurance Law, the insured has the right to request, in writing, the Insurance Commissioner review the cancellation of their policy. 40 P.S. § 991.2008(a).[5] Because the Insurance Commissioner has the power to review a claim that an insured was not notified, the Department does not have the authority to suspend a registration where the lack of notice of the cancellation from the insurance company is asserted. *See McGonigle*, 37 A.3d at 1275; *Eckenrode v. Dep't of Transp., Bureau of Driver Licensing*, 853 A.2d 1141, 1145 (Pa. Cmwlth. 2004). "The law is clear that examination, beyond the record on its face, into the validity of an insurer's policy cancellation . . . is properly brought for review to the Insurance Commissioner under Section 1786(d)(5) [of the MVFRL, 75 Pa. C.S. § 1786(d)(5)], and not a trial court." *McGonigle*, 37 A.3d at 1276 (internal quotations omitted). The trial court should

---

[4] Act of May 17, 1921, P.L. 682, *as amended*, added by Section 1 of the Act of June 17, 1998, P.L. 464.

[5] Act of May 17, 1921, P.L. 682, *as amended*, added by Section 1 of the Act of June 17, 1998, P.L. 464.

have held this matter in abeyance to allow Stamford to file a *nunc pro tunc* request for review with the Insurance Commissioner. We, therefore, vacate the trial court's order and remand for the trial court to hold Stamford's statutory appeal in abeyance to permit Stamford the opportunity to file within 30 days a petition *nunc pro tunc* with the Insurance Commissioner seeking review of the cancellation of his insurance policy.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Stamford,                          :
                                         :
            v.                           :    No. 229 C.D. 2019
                                         :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Motor Vehicles,                :
                         Appellant       :


# **O R D E R**


**NOW**, January 13, 2020, the Order of the Court of Common Pleas of Westmoreland County (trial court), dated January 29, 2019, is **VACATED AND THIS MATTER IS REMANDED** for the trial court to hold Brian Stamford's registration suspension appeal in abeyance pending Stamford's filing of a *nunc pro tunc* request for review of the insurance policy cancellation with the Insurance Commissioner within thirty (30) days of the date of this Order, and the Insurance Commissioner's review and disposition of the same.


    Jurisdiction relinquished.


_____
**RENÉE COHN JUBELIRER,** Judge