Scott M. WEBB,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2004.

Decided March 16, 2005.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COLINS, President Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from an order of the Court of Common Pleas of Erie County (Trial Court) granting the *pro se* statutory appeal of Scott M. Webb. DOT suspended Webb's motor vehicle registration on the grounds that his vehicle insurance had been cancelled, and the Trial Court concluded that Webb had proven that he had not been properly notified of that cancellation by his insurer.

By letter dated October 14, 2003, DOT notified Webb that his motor vehicle registration would be suspended for a period of three months pursuant to Section 1786(d) of The Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1786(d), which reads in relevant part:

Required financial responsibility

* * *

(d) Suspension of registration and operating privilege.—

(1) The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter ...

* * *

(2) Whenever the department revokes or suspends the registration of any vehi-

cle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

(i) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

* * *

(3) An owner whose vehicle registration has been suspended under this subsection shall have the same right of appeal under section 1377 (relating to judicial review) as provided for in cases of the suspension of vehicle registration for other purposes. The filing of the appeal shall act as a supersedeas, and the suspension shall not be imposed until determination of the matter as provided in section 1377. The court's scope of review in an appeal from a vehicle registration suspension shall be limited to determining whether:

(i) the vehicle is registered or of a type that is required to be registered under this title; and

(ii) there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so. Notice to the department of the lapse, termination or cancellation or the failure to provide the requested proof of financial responsibility shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times.

* * *

(5) An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to Article XX of the act of May 17, 1921 (P.L. 682, No. 284), known as The Insurance Company Law of 1921. Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a determination pursuant to section 2009(a) of The Insurance Company Law of 1921 or, in the event that further review at a hearing is requested by either party, a final order pursuant to section 2009(i) of The Insurance Company Law of 1921.

DOT's suspension notice to Webb stated that Webb had the right to appeal DOT's registration suspension within thirty days to the Court of Common Pleas of the county of Webb's residence, which appeal, the notice stated, would stay DOT's suspension pending the Court's final decision. Reproduced Record (R.R.) at 6a.

Webb thereafter appealed the suspension, *pro se,* to the Trial Court, which held a hearing thereon. Before the Trial Court, Webb argued that he had paid what he believed to be his full insurance premium at the beginning of the policy term. He further testified that one day prior to receiving DOT's suspension notice, he re-

ceived a refund check from his insurance carrier, Nationwide Mutual Fire Insurance Company. Upon contacting his Nationwide agent, Webb testified that he was told that Nationwide had discovered a prior speeding ticket that had not been recorded by Webb's agent, that Webb's premium had resultantly been increased by $80.00, and that his policy had been cancelled on June 17, 2003, due to Webb's failure to timely pay that increase. Webb further testified that the first and only notice of his policy's cancellation that he received was DOT's October 14, 2003, suspension notice. Webb also testified that he was completely unaware that his insurance had been cancelled for the period between June 17, 2003, and his receipt of DOT's notice of suspension, and that he secured valid insurance for his vehicle within two days of his receipt of DOT's notice.

Before the Trial Court, DOT offered into evidence a packet of certified documents. Included within that packet was a document certifying that DOT had been informed by Nationwide of its cancellation of Webb's policy. Additionally, DOT argued that Section 1786(d)(5) mandated that Webb could only challenge the validity of Nationwide's cancellation by timely appeal therefrom to the Insurance Commissioner, and that the Trial Court could not consider argument or evidence challenging the cancellation itself. DOT argued that the Trial Court was constrained to address only the suspension of Webb's registration, but not the validity of the underlying policy cancellation.

By order dated March 18, 2004, the Trial Court granted Webb's appeal. DOT thereafter timely notified the Trial Court of its intention to appeal the order. The Trial Court subsequently filed a memorandum opinion in support of its order, pursuant to Pa.R.A.P.1925(b), in the wake of DOT's filing of its statement of matters complained of on appeal.

In its opinion, the Trial Court concluded that, pursuant to Section 1786(d)(3)(ii), Webb had shown by clear and convincing evidence that his vehicle had been insured at all relevant times. In supporting that conclusion, the Trial Court reasoned that Nationwide's failure to properly notify Webb of its cancellation of his policy, pursuant to Section 2006 of the Insurance Company Law of 1921 (the Insurance Law),[1] rendered the policy cancellation void, and overcame any presumption of insurance lapse established by DOT's introduction of documentation that Nationwide had notified DOT of the cancellation.[2] The Trial Court further opined that given the fact that Webb had never received notice from Nationwide of its cancellation of his policy, he was unaware of any cancellation to appeal to the Insurance Commissioner pursuant to Section 1786(d)(5), until DOT served Webb with its notice of his registration suspension. The Trial Court further noted that DOT's suspension notice referenced only Webb's right of appeal to the Trial Court as potential recourse to DOT's action, and did not reference any corresponding right to challenge the underlying policy cancellation itself.

■ DOT now appeals to this Court from the Trial Court's granting Webb's appeal.[3] This Court's scope of review of a

---

1. Act of May 17, 1921, P.L. 682, as amended, 40 P.S. § 991.2006.

2. Section 1786(d)(3)(ii) provides that, upon appeal, a showing by DOT that it received notice of a policy cancellation by an insurer establishes a rebuttable presumption that the

vehicle at issue lacked the requisite financial responsibility.

3. We note that Webb has been precluded from filing a brief in this matter due to his

vehicle registration suspension is limited to determining whether the trial court committed an error of law, or manifestly abused its discretion in reaching its decision. *Eckenrode v. Department of Transportation*, 853 A.2d 1141 (Pa.Cmwlth. 2004).

DOT founds its primary argument on its assertion that the precedents upon which the Trial Court relied, *Cain v. Department of Transportation*, 811 A.2d 38 (Pa. Cmwlth.2002),[4] and *Beitler v. Department of Transportation*, 811 A.2d 30 (Pa. Cmwlth.2002),[5] have been superceded by statute. Specifically, DOT argues that both *Cain* and *Beitler* addressed challenges to the validity of the insurance policy cancellation itself in their reviews of the registration suspensions at issue, and that recent amendments to the MVFRL have removed such challenges to an insurance cancellation from the scope of review of the Trial Court in DOT registration suspension cases.

In *Cain*, we held that DOT had the burden of proving that an insurer had properly notified an insured of a policy cancellation to support DOT's suspension of a registration for a lack of insurance. Similarly, in *Beitler*, we also required DOT to show that the insurer had made proper notice of a policy cancellation, on the theory that absent such notice, the insured's coverage had not been effectively cancelled, and DOT could not suspend the registration on that basis.

■ However, after both *Cain* and *Beitler* were decided, the General Assembly passed Act 152,[6] amending, *inter alia*, Section 1786(d) of the MVFRL. Act 152, in relevant part, added subsection (5) to Section 1786(d), which provides that a challenge to an insurance policy cancellation may only be brought by a timely request to the Insurance Commissioner. It is clear that Act 152's amendments to Section 1786(d) have now established a parallel, two-part system whereby a request for review of the validity of an insurer's alleged cancellation of a policy is to be directed towards the Insurance Commissioner, and a request for review of DOT's suspension of a vehicle registration, on the grounds of a lack of insurance, is to be directed towards a court of common pleas. *Accord Choff v. Department of Transportation*, 861 A.2d 442 (Pa.Cmwlth. 2004) (Insurance Department's determination that notice requirements had been satisfied in policy cancellation operated to prevent appellees from rebutting presumption of cancellation established by DOT with its introduction into evidence of notice from insurer to DOT regarding that cancellation; additionally, appellees could be precluded from collaterally attacking Insurance Department's determination of valid cancellation notice in an appeal to a trial court of DOT's registration suspension.) As such, the Trial Court in the instant matter did err as a matter of law to the degree that it relied upon our prior holdings in *Cain* and *Beitler*. However, our review of this matter does not end here.

DOT also argues that the Trial Court exceeded its scope of review under Section 1786(d)(3) by examining the validity of Nationwide's cancellation of Webb's policy. We first note that Section 1786(d)(3)(ii) expressly and clearly anticipates the intro-

failure to do so within the time frame mandated therefor.

**4.** *Petitions for allowance of appeal denied*, 573 Pa. 673, 821 A.2d 588, and 573 Pa. 679, 822 A.2d 705 (2003).

**5.** *Petition for allowance of appeal denied*, 576 Pa. 714, 839 A.2d 353 (2003).

**6.** The Act of December 9, 2002, P.L. 1278.

duction of evidence directed at establishing that insurance was in effect at all relevant times, which evidence could clearly include evidence opposing an alleged policy cancellation relied upon by DOT. *Accord Choff.* The General Assembly's establishment of a rebuttable presumption on this point can lead to no other conclusion. Further, we find the facts underlying our recent opinion in *Eckenrode*[7] to be similar to, and instructive towards, the instant matter.

In *Eckenrode,* DOT suspended the appellant's registration in the wake of an insurer's cancellation of the related policy due to nonpayment of premiums. The record in that case established that the insurer's proof of mailing of the cancellation notice had been mailed to a different address than that at which the appellant resided. Noting that Section 2006 of the Insurance Law mandated that such notice be sent to the address contained within the insurance policy, and further noting that the record did not speak to the matter of which of appellant's addresses was contained within the applicable policy, we remanded the matter to the trial court for a determination of whether the addresses on the policy and the notice were the same. We further instructed the trial court that, if the record showed that the two addresses were different, then the policy cancellation was ineffective and DOT was therefore without the authority to impose the registration suspension at issue. While acknowledging the parallel two-part review system provided for in Act 152's amendments to Section 1786(d), we nonetheless concluded that those amendments did not, in the minimum, preclude the trial court's examination of the facial validity of a cancellation notice on the record before the trial court within the context of an appeal

of a DOT registration suspension. We wrote:

> While Section 1786(d)(5) of the Vehicle Code requires a licensee to bring any challenge to the termination of insurance before the Insurance Department, Section 2006 [of the Insurance Law] provides that no cancellation of automobile insurance is effective "unless the insurer mails or delivers to the named insured at the address shown in the policy a written notice of the cancellation . . ." 40 P.S. § 991.2006.

*Eckenrode,* 853 A.2d at 1145 (emphasis omitted; footnote omitted). Our approach in Eckenrode was to examine the record before the court to determine, at a minimum, the facial validity of a cancellation notice pursuant to Section 2006 of the Insurance Law, within the context of an appeal to a DOT registration suspension. As in the instant matter, the insured in *Eckenrode* had not requested review of the policy cancellation by the Insurance Commissioner, as the insured had no notice of that cancellation until her receipt of DOT's registration suspension notice.

 We emphasize again that DOT's introduction into evidence before a trial court of its receipt of notice from an insurer of a policy cancellation creates a *rebuttable* presumption that the vehicle at issue lacked the requisite financial responsibility, for purposes of DOT's suspension of a vehicle's registration. 75 Pa.C.S. § 1786(d)(3)(ii). However, that same section expressly states that "[t]his presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times." *Id.* Further, Section 2006 of the Insurance Law establishes that "[a] cancellation . . . by an insurer of a policy of automobile insurance shall not be effective unless the

---

**7.** We note that *Eckenrode* was decided after Act 152's amendments to Section 1786(d), and without reliance upon our holdings in either *Cain* or *Beitler.*

insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation ..." 40 P.S. § 991.2006. As such, we disagree with DOT's contention herein that the Trial Court acted beyond its scope of review under Section 1786(d)(3), to the extent that a court reviewing a DOT registration suspension appeal may certainly examine the record before it to determine whether an insured's evidence has overcome the applicable presumption established by DOT. *Eckenrode.*

As to an examination, beyond the record on its face, into the validity of an insurer's policy cancellation, we agree with DOT that said examination is properly brought for review to the Insurance Commissioner under Section 1786(d)(5), and not to a trial court. However, we note that nothing in Act 152's amendments to Section 1786(d), and nothing within the MVFRL itself,[8] prevents a trial court from transferring an improvidently filed underlying challenge to an insurer's policy cancellation to the Insurance Commissioner, or from staying a registration suspension appeal pending the resolution of a properly pursued policy cancellation before the Insurance Commissioner if the merits of a case demand such review. Indeed, such a transfer or stay, under certain narrow circumstances, would be consonant with our construal, and the goal, of the Insurance Law under which such a challenge would be judged. We have held that the Insurance Law is a remedial law to be liberally construed in order to effectuate its goal of protecting the public interest. *Nationwide Insurance Company v. Pennsylvania Insurance Department,* 779 A.2d 14 (Pa.Cmwlth. 2001).

 Under the narrow facts of the case *sub judice,* it is clear that Webb intended to challenge the validity of Nationwide's cancellation of his policy, on the grounds of a lack of proper notice therefor. Notwithstanding Section 1786(d)(5)'s mandate that such a challenge is to be brought with the Insurance Commissioner, we note that Webb, as a *pro se* litigant in this matter, clearly relied upon DOT's voluntarily offered procedural guidance in filing his challenge. DOT's notice of suspension to Webb clearly can be read to lead a recipient thereof—especially, as in this case, a recipient who proceeds *pro se*—to believe that his sole available procedural avenue is via appeal of DOT's suspension to a trial court. While we acknowledge that DOT was under no duty to educate Webb as to his rights of review under our Commonwealth's laws, we further acknowledge that where DOT has unilaterally chosen to give Webb some procedural advice, it offends any sense of equity for DOT to not fully apprise Webb of such a closely related and clearly relevant parallel procedural path which serves as Webb's sole and exclusive avenue to have the merits of his foundational argument heard.[9] Such an equitable

---

8. We note that the General Assembly's amendments to Section 1786 have resulted in a less than precise two part statutory review scheme. Only subsection (5) makes any reference to a request for review of a policy cancellation by the Insurance Commissioner, and the amended Section provides no procedure or guidance for recourse or review for a registrant who was not timely notified of a policy cancellation—a circumstance that surely cannot be seen to be a rare occurrence in terms of challenges to subsequent DOT registration suspensions founded upon policy cancellations. We will not at this time address the potential due process ramifications of such an aggrieved registrant who has been denied an opportunity to be heard in the face of a denial of an untimely *nunc pro tunc* appeal to the Insurance Commissioner brought outside of the thirty day timely review period afforded by Section 2008(a) of the Insurance Law, 40 P.S. § 991.2008(a).

9. We emphasize in this matter that the record does not in any way contradict Webb's asser-

view of DOT's unilateral offer of incomplete procedural advice—an offer which clearly benefits only DOT's apparent goal of obtaining a registration suspension in this matter and one upon which Webb clearly relied to his detriment—can only be buttressed by the recent changing state of the law in this area, wherein Webb's challenge would have been quite properly brought to the trial court prior to the General Assembly's recent amendment.

We can conceive of no possible prejudice to DOT by such a transfer to the Insurance Commissioner, or by a dismissal of the instant appeal without prejudice pending an opportunity for Webb to timely request review by the Insurance Commissioner of his allegedly cancelled policy. Further, we can conceive of no grounds upon which DOT could equitably oppose providing Webb with an opportunity and forum to have the merits of his argument adjudged.[10]

Accordingly, we dismiss the instant appeal without prejudice, and afford Webb the opportunity to request review of his policy cancellation by the Insurance Commissioner within thirty days of the date of our order. Absent Webb's timely request for review with the Insurance Commissioner, DOT will be free to request reinstatement of the instant appeal with this Court.

### ORDER

AND NOW, this 16th day of March, 2005, the appeal of the Department of Transportation, Bureau of Motor Vehicles,

in the above captioned matter, is dismissed without prejudice in accordance with the foregoing opinion.

Jurisdiction retained.

---

tions regarding a lack of notice, and further that the Trial Court clearly found Webb's testimony thereon to be credible.

10. We agree with DOT that an untimely appeal to the Insurance Commissioner, in relation to the appeal's filing well after the date on which Nationwide has alleged that it cancelled Webb's policy, may be granted nunc pro tunc where an insured has alleged a breakdown in the postal system that resulted

in the insured not receiving a policy cancellation notice. *Nationwide*, 779 A.2d at 16–19. We further note any review of Webb's alleged policy cancellation before the Insurance Commissioner must include Nationwide, as the insurer has the burden, in a challenge to a policy cancellation, of proving strict compliance with the statutory notice requirements under the Insurance Law. *Nationwide.*