Kathy Marie BRADISH

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 2012.

Decided April 9, 2012.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Brian J. Collins, Allentown, for appellee.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COLINS, and Senior Judge.

OPINION BY Judge LEAVITT.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Lehigh County (trial court) granting the *de novo* appeal of Kathy Bradish (Licensee) from a license suspension imposed by PennDOT for driving a vehicle without the required motor vehicle insurance coverage. PennDOT contends that the trial court erred in holding that Licensee rebutted PennDOT's *prima facie* case with clear and convincing evidence that her vehicle was insured at the time she was cited for the violation. Concluding that the trial court did not err, we affirm.

On May 14, 2010, a police officer stopped Licensee while she was driving. The officer checked Licensee's insurance information with the state's computer database and found that her insurance had lapsed. The officer issued Licensee a citation for operating a vehicle without insurance in violation of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1786(f).[1]

---

1. It provides:

Operation of a motor vehicle without required financial responsibility.—Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa.C.S. § 1786(f).

On July 8, 2010, Licensee was found guilty of the offense by a Magisterial District Judge, and Licensee filed a timely appeal. On November 24, 2010, after a *de novo* hearing, the trial court set aside the conviction of the summary offense.

On July 19, 2010, PennDOT notified Licensee that her driving privileges were suspended under authority of 75 Pa.C.S. § 1786(d)(1).[2] On August 16, 2010, Licensee filed a timely appeal of the license suspension to the trial court.

On February 14, 2011, the trial court conducted a *de novo* hearing on Licensee's appeal, at which Licensee appeared *pro se.* PennDOT presented a certified copy of Licensee's May 14, 2010, citation and proof of Licensee's July 8, 2010, conviction. PennDOT presented no other evidence. In rebuttal, Licensee presented the court order reversing Licensee's summary conviction as well as a copy of Licensee's bank statement showing a payment for her insurance policy on April 26, 2010.

The trial court questioned Licensee about the alleged lapse in her insurance coverage. Licensee explained that she had an arrangement with her insurance company for automatic withdrawal from her bank account for insurance premiums. Licensee directed the court's attention to the bank statement showing a deduction by her insurer before May 14, 2010, the day of her citation. Licensee stated that any lapse of coverage in PennDOT's computer database had to be caused by an insurance company mistake.

The trial court granted Licensee's appeal and ordered a reinstatement of her driving privileges. The trial court held that PennDOT's evidence of Licensee's summary conviction established a *prima facie* violation of Section 1786(d). However, Licensee's evidence that the conviction had been reversed successfully rebutted PennDOT's evidence. PennDOT appealed to this Court.

On appeal,[3] PennDOT argues that the trial court erred as a matter of law. Specifically, PennDOT contends that the record contains sufficient evidence that Licensee had allowed her insurance coverage to lapse. PennDOT also contends that Licensee's evidence did not rebut its case.

To suspend a licensee's driving privileges, PennDOT must prove that (1) the licensee's vehicle was of the type that was required to be registered; (2) financial responsibility coverage of the licensee's vehicle was not in place; and (3) the licensee operated the vehicle while it was not covered by financial responsibility. 75 Pa. C.S. § 1786(d)(4); *Fine v. Department of Transportation, Bureau of Driver Licens-*

---

**2.** It provides:

Suspension of registration and operating privilege.—(1) The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. 75 Pa.C.S. § 1786(d)(1).

**3.** Our scope of review of a trial court's decision regarding a license suspension is limited to determining whether the necessary findings of fact are supported by competent evidence and whether an error of law has been committed. *Fine v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 364, 366 n. 6 (Pa.Cmwlth.1997). Additionally, we are required to view the evidence in a light most favorable to the party that prevailed before the trial court. *Id.*

*ing,* 694 A.2d 364, 367 (Pa.Cmwlth.1997). This Court has held that where a licensee has pled guilty to operating a motor vehicle without the requisite financial responsibility under Section 1786(f), PennDOT can satisfy its burden under Section 1786(d)(4) with evidence of the guilty plea. *Wible v. Department of Transportation, Bureau of Driver Licensing,* 670 A.2d 744, 746 (Pa. Cmwlth.1996). Once PennDOT has satisfied its initial burden, the burden of proof shifts to the licensee to prove that she had maintained her financial responsibility. *Fine,* 694 A.2d at 367.

In *Fine,* the licensee was stopped by police and cited for operating a vehicle lacking the required financial responsibility coverage. The licensee pled guilty. After he was notified by PennDOT that his driving privileges would be suspended for three months, the licensee successfully appealed his conviction. The licensee then appealed PennDOT's suspension of his driving privileges. At the hearing on the license suspension, PennDOT offered the certified copy of the licensee's conviction for lacking financial responsibility. The licensee objected to the admission of the conviction and offered into evidence the court order adjudging him not guilty of the offense. The trial court upheld PennDOT's suspension because the licensee did not prove that he fell within one of the exceptions of Section 1786(d) of the Vehicle Code.[4]

On appeal, this Court reversed. This Court held that PennDOT's initial submission of the record of conviction met its burden, but that evidence established no more than a rebuttable presumption. The licensee's evidence of the reversal of that conviction was clear and convincing evidence that rebutted the presumption. This Court held that PennDOT cannot collaterally attack a judgment of a trial court, explaining that "[s]uch a not guilty judgment overturns and replaces any determination by or plea before the district justice." *Fine,* 694 A.2d at 367.

*Fine* is dispositive. Here, the trial court held, correctly, that PennDOT established a *prima facie* case, thereby establishing a rebuttable presumption that Licensee had operated a vehicle without insurance. As in *Fine,* however, Licensee rebutted that

---

4. It states, in relevant part:

> (2) Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:
> (i) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

> (ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by this chapter, financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial responsibility. The exemption granted by this paragraph shall continue for 30 days after the owner or registrant returns from duty as long as the vehicle is not operated until the required financial responsibility has been established.
> (iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in section 1307(a.1) (relating to period of registration).

75 Pa.C.S. § 1786(d)(2).

presumption by presenting evidence that the conviction was overturned.

PennDOT seeks to avoid the *Fine* holding by arguing that Licensee's responses to the trial court's questions constituted an admission that separately supports a license suspension. We disagree. Licensee never admitted that she had allowed her coverage to lapse. She repeated only the officer's hearsay statement that her coverage lapsed; she then presented evidence of payment for insurance coverage. The trial court found that Licensee had not admitted to a lapse in coverage. In any case, it had already been determined by a court of law that Licensee had maintained her financial responsibility, which barred the trial court from making contrary findings of fact in the suspension proceeding.

PennDOT next argues that because Licensee attributed the reported lapse in coverage to a mistake by her insurance company, this Court should remand the matter to the trial court, so that Licensee can pursue an appeal with the Insurance Commissioner. In *Webb v. Department of Transportation, Bureau of Motor Vehicles,* 870 A.2d 968 (Pa.Cmwlth.2005), this Court held that where a licensee attempts to rebut PennDOT's *prima facie* case in an appeal of a suspension under Section 1786(d) by challenging the validity of an insurer's policy cancellation, such a challenge should be brought before the Insurance Commissioner, and not the trial court. The holding in *Webb* is inapplicable to the present case, because unlike the situation in *Webb,* Licensee did not attempt to rebut PennDOT's *prima facie* case by claiming that the cancellation was invalid. Instead, Licensee rebutted the *prima facie* case by showing the conviction, on which PennDOT relied, had been overturned by the trial court.

For the above stated reasons, we affirm the trial court.

*ORDER*

AND NOW, this 9th day of April, 2012, the order of the Court of Common Pleas of Lehigh County dated February 22, 2011, in the above captioned matter is hereby AFFIRMED.