## Tucker v. PennDOT

*Michelle A. Fioravanti*, for appellant.
*Shannon Mackereth*, for appellee.

MOSS, *J.*, March 22, 2013—On April 10, 2012, the Department of Transportation ("department") mailed a notice to Wilford Tucker which advised him that his "driving privilege is scheduled to be suspended on 08/15/2012, because you failed to produce proof of financial responsibility on 02/01/2012, the date of your traffic offense." The notice also informed Mr. Tucker that the legal basis for the suspension was section 1786(d) of the Vehicle Code, 75 Pa. C.S. § 1786(d), which provides that

> The Department of Transportation... shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the

operation of the vehicle without the required financial responsibility.

On May 10, 2012, Mr. Tucker filed a timely appeal from the department's April 10, 2012 notice. On December 7, 2012, a trial was held before this court. The department called Mr. Tucker as its only witness. Mr. Tucker acknowledged that on February 1, 2012, he owned and was operating a motor vehicle when he was stopped by a police officer. He also acknowledged that he was unable to provide proof of financial responsibility when stopped. Mr. Tucker explained, however, that he had insurance on the vehicle that he was operating when he was stopped, but was unable to provide proof of that insurance because he was insured by E-Insurance and the proof was on an email from E-Insurance on a cell phone that he no longer owned at the time that he was stopped.

The police officer who stopped Mr. Tucker issued him a traffic citation based on an alleged violation of Section 1786(f) of the Vehicle Code, 75 Pa. C.S. § 1786(f). That section provides the following:

(f) *Operation of a motor vehicle without required financial responsibility.* —Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

In addition to Mr. Tucker's testimony, the department introduced certified records that included the February 1, 2012 citation and the department's April 10, 2012 notice. The certified records also included Mr. Tucker's driving record, which showed a March 30, 2012 conviction for violating section 1786(f).

Mr. Tucker introduced records showing that he had taken an appeal from the March 30, 2012 conviction. Those records showed that the appeal from the March 30, 2012 conviction was resolved by way of a negotiated plea. The plea resulted in Mr. Tucker being found not guilty of violating section 1786(f) and being found guilty of section 6308(a)[1].

Based on the evidence submitted at the December 7, 2012 hearing, this court sustained the appeal and rescinded the suspension. The department took a timely appeal. In its statement of errors complained of on appeal, the department provided the following:

1. The trial court erred as a matter of law or abused its discretion when it sustained the license suspension appeal despite the department's properly admitted evidence and unrebutted independent testimony of the petitioner that he was unable to provide proof of

---

1. Section 6308(a) provides that "[t]he operator of any vehicle or any pedestrian reasonably believed to have violated any provision of this title shall stop upon request or signal of any police officer and shall, upon request, exhibit a registration card, driver's license and information relating to financial responsibility, or other means of identification if a pedestrian or driver of a pedalcycle, and shall write their name in the presence of the police officer if so required for the purpose of establishing identity." Although Mr. Tucker was found guilty of Section 6308(a), it may not be a crime. Section 6308(e) is titled "Penalty," but it does not refer Section 6308(a). Rather, it provides only that "[a]ny person violating subsection (d) commits a misdemeanor of the third degree."

insurance, merely because the petitioner was found not guilty in the underlying criminal matter for a violation of 75 Pa. C.S. § 1786(f).

2. The trial court erred as a matter of law or abused its discretion by relying on dicta in the Commonwealth Court's decision [in] *Bradish v. Department of Transportation, Bureau of Driver Licensing,* 41 A.3d 944 (Pa. Cmwlth. 2012), to determine that it did not have discretion to make its own factual findings that petitioner had been driving without financial responsibility on February 1, 2012.

## I. Discussion

This case illustrates how a legal issue is created when the department seeks to suspend a licensee's operating privilege pursuant to section 1786(d) based solely on the testimony of the operator who contends that he had insurance and on certified records relating to the citation that was issued. The department did not introduce independent evidence showing that Mr. Tucker lacked insurance on February 1, 2012. Such evidence might have included records from E-Insurance or the testimony of an officer about his investigation of the issue of whether or not Mr. Tucker had insurance on February 1, 2012 covering the vehicle that he was operating.

In a case based on an alleged violation of section 1786 (d), the department may establish a rebuttable presumption of a violation by proving that (1) the licensee's vehicle was of the type that was required to be registered; (2) financial responsibility coverage of the licensee's vehicle was not in place; and (3) the licensee operated the vehicle while it was not covered by the required insurance. 75 Pa.

C.S. § 1786(d)(4); *Fine v. Department of Transportation*, 694 A.2d 364, 367 (Pa. Cmwlth. 1997). If the Department satisfies its initial burden of proving a prima facie violation, the burden of proof shifts to the licensee to prove that the vehicle was insured at the time it was driven. *Capone v. Department of Transportation*, 875 A.2d 1228, 1231 (Pa. Cmwlth. 2005); *Fine*, 694 A.2d at 367. When a licensee has pled guilty to operating a motor vehicle without the requisite financial responsibility under Section 1786(f), the department is deemed to have satisfied its initial burden by producing evidence of the guilty plea. *Wible v. Department of Transportation*, 670 A.2d 744, 746 (Pa. Cmwlth. 1996).

In *Fine*, the department suspended Mr. Fine's driver's license based on his entry of a guilty plea to a violation of Section 1786(f) before a magisterial district judge. Mr. Fine appealed the summary conviction to the court of common pleas and was found not guilty. He also appealed his license suspension. At the de novo license suspension appeal hearing in the court of common pleas, the department relied on the record of the summary conviction to demonstrate that Mr. Fine operated his vehicle without financial responsibility. Mr. Fine responded by presenting documentation of the not guilty verdict in the common pleas court.

The court of common pleas denied Mr. Fine's license suspension appeal. Mr. Fine filed an appeal to the Commonwealth Court and the Commonwealth Court reversed the common pleas court. In explaining the reason for the reversal, the Commonwealth Court wrote:

Although PennDOT's initial submission of [the]

records [from the district court] may have met its burden to establish a [summary] conviction [under 75 Pa. C.S. § 1786], it is a rebuttable presumption; Licensee's submission of a certified copy of the appeal is sufficiently clear and convincing to rebut the presumption of a conviction.... PennDOT did not meet its ultimate burden of proof because the presumption of a conviction was sufficiently rebutted by the record of the not guilty judgment in the Court of Common Pleas....

*Fine*, 694 A.2d at 367.

In *Bradish v. Department of Transportation*, 41 A.3d 944 (Pa. Cmwlth. 2012), the Commonwealth Court relied on its holding in *Fine*. In *Bradish*, as in *Fine*, the licensee was found guilty of section 1786(f) by a magisterial district court judge and then not guilty by a court of common pleas judge. At the hearing in the court of common pleas concerning the alleged violation of section 1786(d), the department presented a certified copy of the citation that had been issued and proof of the licensee's conviction by the magisterial district court judge. The licensee presented the court order finding her not guilty of the summary conviction and a copy of her bank statement showing a payment for her insurance policy prior to the issuance of the citation.

The Commonwealth Court held that production of evidence showing that the conviction was overturned was sufficient by itself to rebut the presumption that the licensee had operated the vehicle without insurance. The court wrote that:

*Fine* is dispositive. Here, the trial court held, correctly,

that PennDOT established a prima facie case, thereby establishing a rebuttable presumption that Licensee had operated a vehicle without insurance. As in *Fine*, however, Licensee rebutted that presumption by presenting evidence that the conviction was overturned.

*Id.*, 41 A.3d at 946.

In its statement of errors complained of on appeal, the department cites *Smith v. Department of Transportation*, 747 A.2d 1247, 1250 (Pa. Cmwlth. 2000), and refers to the Commonwealth Court's statement that "if particular conduct constitutes a crime and is also a ground for civil liability, an acquittal in a trial for the criminal offense does not bar institution of a civil action, nor even constitute evidence of innocence in the civil action, upon the rationale that proof must be established beyond a reasonable doubt in the criminal case, while in civil cases, a preponderance of the evidence will suffice." The department does not note, however, that in *Smith*, the court also observed that "the department must prove the lack of financial responsibility in its civil enforcement proceedings by evidence independent of the criminal charges where those charges have not finally resulted in a guilty plea or verdict." *Id.* The independent evidence supporting the department's case in *Smith* was the testimony of an officer who stated that he contacted the insurance carrier named on the expired financial responsibility card presented to him by Ms. Smith and learned that the automobile was not covered at the time of the incident.

Likewise, in *Dubolino v. Department of Transportation*, 816 A.2d 1200 (Pa. Cmwlth. 2002), the department

introduced independent evidence from an officer. The officer testified that after stopping Ms. Dubolini and believing that she was operating a vehicle without proof of insurance, he issued her a warning notice that required her to come to the police station with proof of such insurance. The officer further testified that Ms. Dubolino came to the police station the next day, but only produced information showing that she had insurance as of the day after the incident.

In the present case, the department failed to produce any evidence independent of the criminal proceeding that demonstrated that Mr. Tucker did not have insurance on February 1, 2012. No officer was called to report on the results of an investigation. No records from E-Insurance or any other insurance company were submitted by the department. Rather, the only evidence not having to do with the criminal proceeding was the testimony of Mr. Tucker. He repeatedly testified that he had insurance on the day of the incident, but was unable to provide proof because he no longer had the cell phone on which the proof allegedly existed.

Thus, the present case is like *Fine* and *Bradish*. The department was able to meet its initial burden based on the records showing a conviction of Section 1786(f), but lacked independent evidence to overcome the licensee's evidence rebutting the department's prima facie case.

The present case also demonstrates the potential damage that can be done to the department's case when the district attorney's office enters into a negotiated plea that results in a licensee being found not guilty of violating section 1786(f). A criminal conviction may be used to

establish the operative facts in a subsequent civil case based on those same facts. *Department of Transportation v. Mitchell*, 517 Pa. 203, 212, 535 A.2d 581, 585 (1987). A plea constitutes an admission by the defendant to all the facts that are admitted by the defendant during the colloquy. *Id.*

In his concurring opinion in *Commonwealth v. Jones*, 593 Pa. 295, 311, 929 A.2d 205, 214 (2007), Justice Saylor observed that "a defendant, upon pleading guilty, admits to facts sufficient to support his plea, *see Commonwealth, Department of Transportation v. Mitchell*, 517 Pa. 203, 212, 535 A.2d 581, 585 (1987) (plurality) ('[I]t is well settled that a guilty plea constitutes an admission to all of the facts averred in the indictment.') (citing *Commonwealth ex rel. Walls v. Rundle*, 414 Pa. 53, 198 A. 2d 528 (1964)), and that a judge must ascertain that a factual basis exists for any guilty plea, see Pa.R.Crim.P. 590 comment." The comment to Rule 590 explains that "[a]t a minimum the judge should ask questions to elicit the following information, [including, but not limited to]... (2) Is there a factual basis for the plea?" Thus, as part of the negotiated plea, facts should have been elicited showing that Mr. Tucker had insurance on the vehicle that he was operating on February 1, 2012 in order for the court to find him not guilty of violating section 1786(f).

Although the Commonwealth Court has not directly addressed the issue, the manner in which a criminal matter is resolved should be considered in deciding what, if any, effect the result of the criminal matter has on a hearing based on an alleged violation of section 1786(d). For example, in *Smith*, the criminal matter was resolved by the

section 1786(f) charge being withdrawn in exchange for Ms. Smith's plea of guilty to the charges of driving at an unsafe speed and failing to inform the police of an accident. There being no adjudication of the section 1786(f) charge, the mere fact that Ms. Smith had been charged with a violation of Section 1786(f) was irrelevant in determining whether or not she violated section 1786(d).

In *Dubolino*, the Commonwealth Court reported that the common pleas court found Ms. Dubolino not guilty of section 1786(f). The opinion, however, does not state whether that was by way of a plea or a trial. If the acquittal on the charge of violating Section 1786(f) was the result of a trial, then that not guilty verdict would not constitute evidence that the licensee had insurance for purpose of section 1786(d) because the proof at the criminal trial was established beyond a reasonable doubt and a lower burden of proof exists at the trial based on section 1786(d). On the other hand, if a licensee is found guilty of violating Section 1786(f) and the time for an appeal has expired, then that guilty finding should be unrebuttable and conclusive evidence that the licensee violated section 1786(d).

Most pleas are guilty pleas. The present case is unusual because Mr. Tucker was found not guilty of violating section 1786(f) as a result of a plea. While certain charges may be withdrawn, pleas do not usually involve a defendant being adjudicated not guilty of a charge. Pa.R.Crim.P 590 governs the procedure for pleas, be they pleas of guilty or not guilty. Rule 590 would appear to require the prosecutor, defense counsel and the defendant to agree that the defendant had the required insurance in order that the necessary factual basis exists for a not guilty plea to

a charge of having violated section 1786(f). That factual finding may be binding in a subsequent civil proceeding involving an alleged violation of section 1786(d).

In the present case, this court does not have the transcript of the plea colloquy. Therefore, this court does not know if the court that took the not guilty plea followed Rule 590 and made a finding that the defendant had the required financial responsibility. This court concedes that the department is correct that this court overstated the importance of the not guilty plea.

The department suggests that this court should have ruled in its favor because the court stated that "the fact that he [Mr. Tucker] thinks he had some e-mail from the [sic] [E]-Insurance, and his testimony is not particularly compelling or convincing to me." Even though the court did not find Mr. Tucker to be particularly convincing, Mr. Tucker never acknowledged that he did not have insurance. His testimony, therefore, is not the type of independent evidence that the department needed to "meet its ultimate burden of proof because the presumption of a conviction was sufficiently rebutted by the record of the not guilty judgment in the Court of Common Pleas." *Fine*, 694 A.2d at 367.

## II. Conclusion

For all of the foregoing reasons, the court did not err in sustaining the appeal and rescinding the suspension.