# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Ellen Berger, : | |
|              Appellant    : | |
| : | |
|         v.           : | No. 68 C.D. 2024 |
| : | Submitted: April 8, 2025 |
| Commonwealth of Pennsylvania, : | |
| Department of Transportation, : | |
| Bureau of Driver Licensing    : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED: May 30, 2025

Ellen Berger (Licensee), proceeding *pro se*, appeals from an Order of the Court of Common Pleas of Chester County (trial court), denying Licensee's appeal and reinstating a one-year suspension of her driving privilege. The suspension was imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau), pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i), commonly known as the Implied Consent Law, for refusing chemical testing.[1] On appeal, Licensee argues the trial court:

---

[1] Section 1547(b)(1)(i) of the Vehicle Code states:

If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code, 75 Pa.C.S. § 3802 (relating to driving under the influence of alcohol or controlled substance),] is requested to submit to chemical testing and refuses to do

**(Footnote continued on next page…)**

(1) erred by not providing accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; (2) exhibited bias; (3) improperly admitted evidence that was inadmissible; and (4) erred in finding the Bureau met its burden of establishing Licensee was provided a meaningful opportunity to comply with a request for chemical testing and refused it.[2]  Because the first three issues were waived as they were not raised at the first opportunity in the trial court, and because there is substantial evidence to support the trial court's finding that Licensee was provided a meaningful opportunity to comply with the request for chemical testing but did not provide two sufficient breath samples, as required by our caselaw, we affirm.

I.    **BACKGROUND**

In November 2022, Licensee was stopped by officers of the Tredyffrin Township Police Department and arrested for driving under the influence.  Licensee was read the DL-26 form and agreed to take a breath test, but only provided one of two required breath samples, despite multiple attempts to do so, resulting in what the officers construed as a refusal.  On February 2, 2023, the Bureau issued its notice suspending Licensee's driving privilege for one year based on this refusal.  (Hearing Ex. C-1.)  Licensee filed a timely petition for review with the trial court.  (Original Record (O.R.) Item 1.)  A hearing was originally scheduled for April 2023, but was

---

so, the testing shall not be conducted but upon notice by the police officer, the [Bureau] shall suspend the operating privilege of the person . . . [e]xcept as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i).

[2] We have reordered Licensee's third and fourth arguments for ease of discussion.

continued numerous times at the request of both the Bureau and Licensee. (O.R. Items 2, 4, 5, 6, 8.) A hearing finally was held on December 14, 2023.

At the hearing, Licensee was represented by counsel and stipulated that the Bureau "had reasonable grounds for the stop and the belief that [Licensee] was operating under the influence." (Transcript (Tr.) at 3.) Licensee also stipulated to being read the DL-26 form, a copy of which was admitted as part of Exhibit C-1. (*Id.*) The Bureau presented the testimony of Officer John Heleniak and Officer Justin Davis. Officer Heleniak testified in relevant part as follows. Officer Heleniak works in the patrol division of the Tredyffrin Township Police Department and is trained in field sobriety and certified to operate a breath test machine. (Tr. at 5-6.) He and his partner, Officer Davis, stopped Licensee for suspicion of driving under the influence. (*Id.* at 7.) In addition to reading a copy of the DL-26 form to Licensee, Officer Heleniak believes a copy was also provided to her to read, following which Licensee consented to providing a breath test. (*Id.*) Licensee only provided one of the two required samples, rendering the test incomplete. (*Id.* at 7-8.) Officer Heleniak testified "multiple attempts" at the breath test were made. (*Id.* at 10.) Although he could not recall exactly how many, Officer Heleniak said at least two cycles were done, and each cycle required two complete samples. (*Id.* at 10-11.) Officer Heleniak described the testing procedure and instructions he provided to Licensee. (*Id.* at 11-15, 23.) Licensee only provided one adequate sample. (*Id.* at 13-14.) Given Licensee provided an adequate sample during the first attempt, Officer Heleniak thought Licensee was not providing another adequate sample on purpose. (*Id.* at 16.) Although they are only required to provide the test once, Officer Heleniak testified they permitted Licensee to attempt it more than once. (*Id.* at 16, 30.) Officer Heleniak did not believe Licensee exhibited any signs of distress.

3

(*Id.* at 17.) On cross-examination, he explained that if a person was hyperventilating, upset, or crying, he would stop the test, let them calm down, and try again. (*Id.* at 24.)

Officer Davis, who initiated the traffic stop that led to Licensee's arrest, also testified and described Licensee's demeanor as quiet and calm. (*Id.* at 41.)

As part of its case, the Bureau also introduced, without objection, a certified copy of the suspension letter, DL-26 form, and Licensee's driving record, (Hearing Ex. C-1); a copy of Officer Heleniak's certification to operate the breath test machine, (Hearing Ex. C-2); a copy of Licensee's breath test showing an incomplete sample, (Hearing Ex. C-3); and a copy of the Certificate of Breathtesting Device Calibration and supporting documentation, (Hearing Ex. C-4).

Licensee testified on her own behalf as follows. Licensee was scared and considered Officer Heleniak "frustrated" and "sort of impatient." (Tr. at 51.) She denied refusing to give a breath sample, testifying she gave several. (*Id.* at 52.) According to Licensee, she could not provide the second sample because:

> I felt really intimidated in the -- in the station. And also I felt as though Officer Heleniak was very, very frustrated with me and very -- I feel [sic] as though he was yelling at me to keep going and it just made me -- me not to be able to breathe. I started to feel a panic attack happen, and then I did ask for a break, but he wouldn't give me a break because I couldn't -- like I said, I couldn't catch my breath to breathe into the thing.

(*Id.* at 53.) She did not believe the inability to provide an adequate sample was the result of intoxication. (*Id.* at 54.)

In an Order dated December 14, 2023, which exited December 15, 2023, the trial court denied Licensee's appeal and reinstated the suspension. Thereafter,

Licensee filed a *pro se* Notice of Appeal.[3]  In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court asserted that Licensee did not file a concise statement of errors complained of on appeal (Statement) as directed.  (1925(a) Op. at 1.)  We subsequently remanded for the trial court to consider whether Licensee was entitled to *nunc pro tunc* relief.  Following remand, Licensee filed a Motion for Recusal of Judge with the trial court claiming bias.  (O.R. Item 23.)  Upon remand, a different judge of the trial court issued a Supplemental Opinion,[4] finding Licensee was entitled to *nunc pro tunc* relief and addressing the issues Licensee raised in her Statement.

In its Supplemental Opinion, the trial court found Licensee's request for a reasonable accommodation under the ADA occurred at the Accelerated Rehabilitative Disposition (ARD) hearing on the criminal charge and not the hearing in this matter.  Upon review of the record, the trial court also found nothing evidencing bias, prejudice, or unfairness towards Licensee.  (Supplemental Opinion (Suppl. Op.) at 3.)  Although the trial court interjected twice during Licensee's testimony, the trial court explained once was to keep Licensee's testimony relevant and the other was to ask for clarification.  (*Id.* at 4.)  Regarding Licensee's claim that she did not refuse the chemical test, the trial court stated Officer Heleniak consistently testified that Licensee only provided one of the two required breath samples.  (*Id.* at 5.)  In addition, the trial court noted that, although he was not required to do so, Officer Heleniak also allowed Licensee to take the test a second time.  (*Id.*)  In light of the lack of medical evidence that Licensee could not provide

---

[3] The Notice of Appeal was filed January 17, 2024.  However, in its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court notes that the Notice of Appeal was "timely due to numerous court closures."  (1925(a) Opinion (Op.) at 1 n.1.)

[4] From a review of the record, it does not appear the recusal motion was formally addressed.

5

the sample, the trial court concluded it was proper to deem it a refusal. (*Id.* at 5-6.) Lastly, the trial court rejected Licensee's argument about the breath test machine, finding the machine satisfied the calibration requirement and Licensee misconstrued Officer Heleniak's testimony about the machine being "touchy." (*Id.* at 7.)

## II. PARTIES' ARGUMENTS

Before this Court, Licensee raises numerous issues on appeal.[5] First, Licensee argues that the trial court did not provide her a requested accommodation under the ADA. Specifically, Licensee maintains she submitted ADA requests by email and in person, which the trial court acknowledged at a hearing in April but did not provide at the hearing in December. As a result, Licensee contends she was not able to fully participate in the legal process.

Second, Licensee asserts the trial court was not fair and impartial, pointing to "comments and dismissive interjections" by the trial court at the hearing as evidence of this bias. (Licensee's Brief (Br.) at 10.) Licensee claims the trial court "rushed" her testimony and made unidentified "interjections" which "gave the appearance of judicial impatience and bias towards [Licensee]." (*Id.*) According to Licensee, the trial court "exhibited a noticeable distaste for [Licensee] and gave the appearance

---

[5] Our review of the trial court's order is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court committed an error of law, or whether there was a manifest abuse of discretion. *Dep't of Transp., Bureau of Traffic Safety v. Korchak*, 483 A.2d 1360, 1362 (Pa. 1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Helwig v. Dep't of Transp., Bureau of Driver Licensing*, 99 A.3d 153, 159 (Pa. Cmwlth. 2014). If the trial court's findings are supported by substantial, competent evidence, "we are precluded from overturning those findings." *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008). That is because "it is not the province of this Court to make new or different findings of fact." *Id.* Finally, we must view the evidence in the light most favorable to the party that prevailed before the trial court, here, the Bureau. *Bradish v. Dep't of Transp., Bureau of Driver Licensing*, 41 A.3d 944, 945 n.3 (Pa. Cmwlth. 2012).

that [its] mind had been made up as soon as [Licensee] entered the court room." (*Id.* at 11.) In addition, Licensee contends the trial court made previous "inappropriate comments in open court regarding [Licensee]." (*Id.*) Licensee maintains the trial court's bias towards her continued even after the hearing, stating that various orders were mailed to the wrong address, which "put [Licensee]'s right to privacy at risk." (*Id.*) Despite a request to recuse, Licensee asserts the trial court refused, resulting in a violation of Licensee's due process rights.

Licensee also argues the trial court erred in admitting certain evidence. Licensee claims that the only documentation submitted was two breath samples from one attempted cycle, which is insufficient under the regulations and contrary to the testimony that multiple attempts were made. Licensee further maintains the breathalyzer machine was not properly calibrated or certified, calling the results into question. Licensee also argues that given the officers' testimony about the machine being "very touchy" and "tim[ing] out," evidence of quality assurance should have been required. (*Id.* at 19.)[6]

Finally, Licensee argues there was not substantial evidence to support a finding that she was given a meaningful opportunity to comply with the request for chemical testing and refused. Licensee claims the officers testified at the hearing that Licensee was cooperative and verbally consented multiple times to chemical testing. Instead, Licensee asserts the trial court's finding is based on one of the officer's opinions that Licensee refused to provide a second sample on purpose,

---

[6] Licensee also argues that her successful completion of ARD should mitigate in her favor in terms of civil penalties. She also attaches numerous exhibits to her brief, which were not part of the original record in this matter and, therefore, cannot be considered. Our rules and precedent mandate that, "[t]his Court is confined to th[e] record, and it will not consider extra-record facts or evidence." *Indemnity Ins. Co. of N. Am. v. Bureau of Workers' Comp. Fee Rev. Hearing Off.*, 245 A.3d 1158, 1165 (Pa. Cmwlth. 2021).

which was treated as a refusal. Licensee argues the two and a half to three minutes provided during the test was not a meaningful opportunity to comply. (*Id.* at 14.) Licensee further argues that the officer's demeanor was "coercive and intimidating" based on his proximity and the officer's self-described "stern and direct" interaction with Licensee. (*Id.* at 16.)

The Bureau responds that Licensee did not raise before the trial court many of the issues she now seeks to raise, and, consequently, those issues are waived. The Bureau argues it is well-established that issues not raised before the trial court are waived on appeal. Specifically, it argues Licensee did not object to the admissibility of the evidence she now challenges, which is required under the Rules of Evidence and caselaw. According to the Bureau, Licensee did not object to any evidence that was presented. Nor did Licensee ever raise the issue that the breath test machine was not properly calibrated. Notwithstanding, the Bureau contends Licensee's argument is without merit because two officers testified that Licensee did not provide a second breath sample, which Licensee acknowledged, and this is substantial evidence to support the trial court's findings. Therefore, to the extent the challenged evidence was improperly admitted, the Bureau maintains any error was harmless.

The Bureau also asserts Licensee's argument about the trial court's bias was waived by Licensee's failure to seek recusal at the earliest opportunity. The Bureau points out that, although all the alleged conduct occurred before the trial court issued its Order, Licensee did not seek recusal until six months after that decision was rendered. As to the merits of the recusal issue, the Bureau claims there is no indication in the record that the trial court hurried or rushed Licensee. In terms of the alleged "interjections," the Bureau claims two were to maintain order in the

courtroom and were unrelated to the hearing, while the others were to seek clarification of testimony, sustain objections, keep testimony relevant based on the parties' stipulation, and to ask Licensee to speak up.

Likewise, the Bureau argues Licensee did not preserve the issue related to the alleged ADA accommodation. Even if the issue was not waived, the Bureau argues no such request was made in this case. Rather, the request was made in the criminal case. Moreover, the Bureau argues Licensee, who was represented by counsel at the hearing, never requested any accommodations at the hearing either.

The Bureau argues the only issue properly preserved for appeal is whether the trial court erred in concluding the Bureau met its burden, which it did not. Under the caselaw, the Bureau contends the failure to complete a breath test, i.e., provide two consecutive, sufficient breath samples, is a per se refusal even where there is a good faith effort to comply. (*Id.* at 19 (citing *Conrad v. Commonwealth*, 226 A.3d 1045 (Pa. Cmwlth. 2020)).) To the extent a licensee claims a medical condition prevented completion, the Bureau asserts the burden is on the licensee to provide competent medical testimony to substantiate that claim. Here, the Bureau asserts it is undisputed that Licensee did not provide the two required samples and Licensee presented no medical testimony to show she was medically unable to do so. Although Licensee contends she was intimidated by the officer, the Bureau argues this is how Licensee subjectively felt, though the conduct she alleges was not intimidating. Further, the Bureau argues that the officers testified that Licensee did not appear distressed and if she had, they would have given her time to calm down.

## III. DISCUSSION

We begin first with whether Licensee properly preserved three of the issues she seeks to raise on appeal. It is well settled that "[f]ailure to raise an issue below precludes its consideration by this Court on appeal." *Wert v. Dep't of Transp., Bureau of Driver Licensing*, 821 A.2d 182, 185 (Pa. Cmwlth. 2003) (citing Pa.R.A.P. 302(a)).[7] We previously explained, "[w]hile a party has a duty to preserve an issue at every stage of a proceeding, he or she also must comply with the general rule to raise an issue at the earliest opportunity." *Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014). *See also McNair v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 194 C.D. 2020, filed Aug. 12, 2021), slip op. at 3-4.

Here, after our careful review of the record, it is apparent that Licensee did not raise her ADA accommodation, alleged trial court bias, or inadmissible evidence challenges in the trial court at the earliest opportunity. Licensee did not request an ADA accommodation in the instant civil license suspension matter, although she did request it in the criminal ARD proceeding. Also, it was only after this Court remanded the matter to the trial court for consideration of *nunc pro tunc* relief that Licensee sought the initial trial court judge to recuse. Finally, a review of the transcript reveals not one objection was raised during the hearing. Accordingly, these issues are waived.[8]

This leaves the issue of whether Licensee was provided a meaningful opportunity to comply with the request for the breath test and refused same. To

---

[7] Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

[8] Even if the issues were not waived, we would conclude they were without merit for the reasons stated in the trial court's Supplemental Opinion.

10

satisfy its prima facie burden of proof to suspend the operating privilege of a licensee under Section 1547 for a refusal to submit to chemical testing, the Bureau

> must establish that the licensee (1) was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so;[] and (4) was warned that refusal might result in a license suspension.

*Vora v. Dep't of Transp., Bureau of Driver Licensing,* 79 A.3d 743, 748 (Pa. Cmwlth. 2013) (citation and footnote omitted). As the parties stipulated to the other elements, at issue is only the third element. "In proving whether a licensee refused to submit to chemical testing, [the Bureau] has the burden of showing that the licensee was offered a meaningful opportunity to comply with" the chemical testing request. *Broadbelt v. Dep't of Transp., Bureau of Driver Licensing*, 903 A.2d 636, 640 (Pa. Cmwlth. 2006). Once the Bureau demonstrates the foregoing, the burden shifts to "[L]icensee to prove she was physically incapable of performing the test or that her refusal was not knowing and conscious." *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 280 (Pa. Cmwlth. 2018).

As our Supreme Court has explained,

> [t]he question of whether a licensee refuses to submit to a chemical test is a legal one, based on the facts found by the trial court. . . . What constitutes a "refusal" for purposes of Section 1547(b)(1) is not defined or otherwise described under Section 1547. In construing Section 1547(b)(1), this Court has stated any response from a licensee that is anything less than an unqualified, unequivocal assent to submit to testing constitutes a refusal, subjecting the licensee to a one-year suspension.

*Nardone v. Dep't of Transp., Bureau of Driver Licensing*, 130 A.3d 738, 748 (Pa. 2015) (internal quotation marks and citations omitted). In addition, "[c]onduct that

appears inconsistent with verbal acquiescence also may constitute a refusal." *Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 351 (Pa. Cmwlth. 2014). We have "steadfastly recognize[d] that a licensee's failure to provide breath samples sufficient to complete a breathalyzer test constitutes a refusal." *Cornish v. Dep't of Transp., Bureau of Driver Licensing*, 323 A.3d 114, 119 (Pa. Cmwlth. 2024) (citation omitted). *See also Conrad v. Dep't of Transp., Bureau of Driver Licensing*, 226 A.3d 1045, 1052 (Pa. Cmwlth. 2020) ("Our Court has held that a licensee's failure to provide two consecutive, sufficient breath samples, absent a proven medical reason that precludes [the licensee] from doing so, constitutes a refusal as a matter of law."). To meet its burden on this issue, the Bureau may present credible evidence from the administrator of the breath test or a printout from a properly calibrated machine indicating the sample was deficient. *Cornish*, 323 A.3d at 120.

If the Bureau meets its burden, the licensee may "show that the failure to produce a sample was due to a physical inability caused by a medical condition unrelated to ingestion of alcohol or drugs." *Sweeney v. Dep't of Transp., Bureau of Driver Licensing*, 804 A.2d 685, 687 (Pa. Cmwlth. 2002). "[W]here a licensee suffers from a medical condition that affects [the licensee's] ability to perform the test and that condition is not obvious, [a] finding that [the licensee] was unable to take the test for medical reasons must be supported by competent medical evidence." *Conrad*, 226 A.3d at 1054 (quoting *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 538 (Pa. Cmwlth. 2000)).

Here, the Bureau presented both the testimony of the officer administering the test, as well as the printouts from the test showing there were not two sufficient breath samples. Under our caselaw, either of these would constitute substantial

12

evidence to support the trial court's conclusion. *Cornish*, 323 A.3d at 120. While Licensee contends she did not have sufficient time to compose herself before attempting to provide the second sample, this is belied by the record. Both officers credibly testified that Licensee was not visibly upset or in distress. Therefore, the Bureau met its burden of showing Licensee was provided a meaningful opportunity to provide chemical testing and refused.

The burden then shifted to Licensee to establish she was physically unable to provide a sufficient sample, which, unless a condition is obvious, must be accomplished through competent, medical evidence. *Sweeney*, 804 A.2d at 687; *Conrad*, 226 A.3d at 1054. Aside from Licensee's own testimony that she was upset, which was not credited by the trial court, the record is devoid of any testimony, including medical testimony, that Licensee was physically unable to provide a sufficient breath sample due to a medical condition. Therefore, the trial court did not err in finding the Bureau sustained its burden.

## IV. CONCLUSION

In sum, because Licensee did not raise several of her issues in the first instance to the trial court, those issues are waived. The remaining issue, whether the trial court erred in concluding Licensee was provided a meaningful opportunity to submit to chemical testing and refused, is supported by substantial evidence of record. Accordingly, we affirm.

**RENÉE COHN JUBELIRER,** President Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ellen Berger,                                      :
               Appellant          :
                                               :
          v.                           :   No. 68 C.D. 2024
                                               :
Commonwealth of Pennsylvania,                      :
Department of Transportation,                      :
Bureau of Driver Licensing                         :

## **O R D E R**

**NOW**, May 30, 2025, the Order of the Court of Common Pleas of Chester County, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge