# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Linda Sok | : |
| | : |
| v. | : No. 231 C.D. 2019 |
| | : Submitted: September 6, 2019 |
| Commonwealth of Pennsylvania, | : |
| Department of Transportation, | : |
| Bureau of Motor Vehicles, | : |
| Appellant | : |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: November 7, 2019

The Department of Transportation, Bureau of Motor Vehicles (PennDOT), appeals an order of the Court of Common Pleas of Westmoreland County (trial court) that sustained the appeal of Linda Sok (Registrant) of PennDOT's three-month suspension of her vehicle registration. PennDOT suspended her registration for failing to maintain liability insurance on her vehicle, which is required by the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S. §§1701-1799.7. The trial court credited Registrant's testimony that she timely paid her insurance premium and found that Registrant did not receive a notice that her insurance had been cancelled. PennDOT asserts that the trial court lacked jurisdiction to make these determinations. We vacate and remand.

Registrant is the registered owner of a 2006 Chrysler station wagon that was insured by Brethren Mutual Insurance Company (Brethren Mutual). On March 3, 2018, Brethren Mutual terminated Registrant's policy for nonpayment of premium and electronically reported the termination to PennDOT. On March 24, 2018,

PennDOT notified Registrant that it had received a copy of Brethren Mutual's cancellation notice. On May 10, 2018, PennDOT informed Registrant that her vehicle registration would be suspended for three months, effective June 14, 2018. Registrant appealed the suspension to the trial court.

At the *de novo* hearing on its registration suspension, PennDOT offered several documents into evidence, including: (1) PennDOT's suspension notice dated May 10, 2018; (2) PennDOT's record of the electronic transmission of Brethren Mutual's cancellation of Registrant's vehicle insurance; (3) PennDOT's form titled "Vehicle Inquiry Detail" showing Registrant as the registered owner of the 2006 Chrysler; (4) PennDOT's March 24, 2018, letter to Registrant that it had received the cancellation notice from Brethren Mutual; and (5) a certification statement of a PennDOT employee attesting to the accuracy of the above-listed documents.

Registrant, appearing *pro se*, testified that she paid her insurance premium on time. Notes of Testimony, 1/29/2019, at 5 (N.T. __); Reproduced Record at 20a (R.R. __). She used a debit card to remit the payment to her insurance agent. Registrant produced "a receipt" from her "insurance company saying [she] paid that bill on time." *Id*. She testified that her insurance company did not notify her that her payment was not accepted or that her policy was being cancelled for nonpayment of premium.

The trial court granted Registrant's statutory appeal. It credited Registrant's testimony that "she[] paid" the premium and found that "there was a glitch in the payment process that [wa]s the insurance company's fault." N.T. 8; R.R. 23a. The trial court denied PennDOT's request to hold Registrant's appeal in abeyance while the Insurance Commissioner adjudicated Registrant's assertion that she was not notified of her policy cancellation. PennDOT appealed to this Court.

2

On appeal,[1] PennDOT argues that the trial court erred by sustaining Registrant's statutory appeal on the basis that Brethren Mutual did not send her a written policy cancellation notice, which must be done to effect a termination of coverage. PennDOT contends that under the MVFRL, a trial court lacks jurisdiction to determine whether an insurance policy has been cancelled.

We begin with a review of the law on the suspension of a vehicle's registration for failure to maintain financial responsibility coverage. Section 1786(a) of the MVFRL provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa. C.S. §1786(a). Under Section 1786(d)(1), PennDOT

> shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa. C.S. §1786(d)(1). However, where the registrant proves "to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility," PennDOT may not suspend a vehicle registration. 75 Pa. C.S. §1786(d)(2)(i).

---

[1] This Court's review determines whether the necessary findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Deklinski v. Department of Transportation, Bureau of Driver Licensing*, 938 A.2d 1191, 1194 n.5 (Pa. Cmwlth. 2007).

3

PennDOT has the burden of showing: (1) that the vehicle is the type required to be registered and (2) that PennDOT received notice that financial responsibility coverage had lapsed. 75 Pa. C.S. §1786(d)(3)(i), (ii).[2] PennDOT may satisfy its burden with certified copies of the electronic transmission from the insurance company that the insurance coverage has been terminated. *Ducaji v. Department of Transportation, Bureau of Motor Vehicles* (Pa. Cmwlth., No. 790 C.D. 2015, filed April 26, 2016), slip op. at 5 (unreported). Once PennDOT establishes a *prima facie* case, the burden is on the vehicle owner or registrant to prove by "clear and convincing evidence that the vehicle was insured at all relevant times." 75 Pa. C.S. §1786(d)(3)(ii).

Here, PennDOT made its *prima facie* case that Registrant's financial responsibility coverage had lapsed. PennDOT produced a certified copy of a electronic transmission from Brethren Mutual that it cancelled Registrant's

___

[2] The MVFRL states, in relevant part, as follows:

(3) An owner whose vehicle registration has been suspended under this subsection shall have the same right of appeal under section 1377 (relating to judicial review) as provided for in cases of the suspension of vehicle registration for other purposes…. The court's scope of review in an appeal from a vehicle registration suspension shall be limited to determining whether:

(i) the vehicle is registered or of a type that is required to be registered under this title; and

(ii) there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so. Notice to the department of the lapse, termination or cancellation or the failure to provide the requested proof of financial responsibility shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times.

75 Pa. C.S. §1786(d)(3)(i), (ii).

4

insurance policy on March 3, 2018. The burden then shifted to Registrant to overcome the presumption of lack of financial responsibility by clear and convincing evidence.

Registrant testified that she never received a cancellation notice from Brethren Mutual and, further, that she had timely paid her premium. Section 1786(d)(5) of the MVFRL required Registrant to seek relief from the Insurance Commissioner. Section 1786(d)(5) states, in relevant part, as follows:

> *An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner* pursuant to [Section 2006 of Article XX of the Insurance Company Law of 1921 (Article XX)[3]].... Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a determination ... or ... final order pursuant to ... [Article XX].

75 Pa. C.S. §1786(d)(5) (emphasis added). This Court has stated that "examination, beyond the record on its face, into the validity of an insurer's policy cancellation ... *is properly brought for review to the Insurance Commissioner* under Section 1786(d)(5), *and not to a trial court.*" *Roscioli v. Department of Transportation, Bureau of Motor Vehicles*, 37 A.3d 1278, 1281 (Pa. Cmwlth. 2012) (emphasis

---

[3] Act of May 17, 1921, P.L. 682, *as amended*, added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. §991.2006. Article XX states, in pertinent part, as follows:

> A cancellation or refusal to renew by an insurer of a policy of automobile insurance shall not be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation or refusal to renew.

*Id.*

5

added) (quotation omitted). In short, the trial court lacked jurisdiction to determine that Brethren Mutual had not effected a termination of Registrant's insurance policy.

This Court "has a history of returning cases to the court of common pleas under circumstances where an insured claims not to have received a cancellation notice and has failed to submit the matter for the Insurance Commissioner's review." *Roscioli*, 37 A.3d at 1282. A remand is appropriate here. Under our precedent, the trial court should hold the matter in abeyance to afford Registrant the opportunity to request review of her policy cancellation by the Insurance Commissioner.

For the above-stated reasons, we vacate the trial court's order sustaining Registrant's statutory appeal. We remand this matter with instructions to the trial court to hold the matter in abeyance to afford Registrant the opportunity to request review of her policy cancellation by the Insurance Commissioner within 30 days of the date of this Order.[4]

_____
MARY HANNAH LEAVITT, President Judge

---

[4] If Registrant fails to file a written request with the Insurance Commissioner for review of Brethren Mutual's cancellation within 30 days of this Order, PennDOT will have grounds to reactivate this case before the trial court.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Sok                                  :
                                           :
          v.                               :    No. 231 C.D. 2019
                                           :
Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Motor Vehicles,                  :
                    Appellant              :

# **O R D E R**

AND NOW, this 7th day of November, 2019, the order of the Court of Common Pleas of Westmoreland County dated January 29, 2019, in the above-captioned matter is hereby VACATED and this matter is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.


_____
MARY HANNAH LEAVITT, President Judge